Louis B. Heller, J.
Prior to the effective date of the Civil Practice Law and Rules I rendered an opinion (N. T. L. J., Aug. 23, 1963, p. 6, col. 5) that plaintiff was not entitled to summary judgment under rule 113 of the Rules of Civil Practice since certain issues existed which could not be resolved upon the motion. However, I expressed therein that as to other matters no issue existed since the facts were incontrovertible. The parties now after the effective date of the Civil Practice Law and Rules submit proposed orders based upon the opinion. The defendant’s proposed order provides merely for a denial of the motion. The plaintiff, however, proposes an order which, in *427 addition to the provision for the denial of the motion, includes the findings of fact which I in the opinion found to be incontrovertible.
Under subdivision (g) of rule 3212 of the Civil Practice Law and Rules it is provided: “ If a motion for summary judgment is denied or is granted in part, the court, by examining the papers before it and, in the discretion of the court, by interrogating counsel, shall, if practicable, ascertain what facts are not in dispute or are incontrovertible. It shall thereupon make an order specifying such facts and they shall be deemed established for all purposes in the action. The court may make any order as may aid in the disposition of the action. ’ ’
It is evident from the unambiguous language of the rule that it imposes a duty upon the court to sift the issues and to specify which material facts are really in issue and which are not, thereby facilitating and expediting the trial.
It would accordingly appear appropriate in order to give effect to this new procedure that the proposed order of the plaintiff should be the one to be accepted by the court. However, the question arises whether or not in view of the fact that the motion was instituted prior to the effective date of the Civil Practice Law and Rules the court has now the power to do so.
Section 10003 of the Civil Practice Law and Rules provides: ‘ ‘ This act shall apply to all actions hereafter commenced. This act shall also apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.”
This section is largely taken from subdivision (b) of rule 86 of the Rules of Civil Procedure for the United States District Courts (U. S. Code, tit. 28). A very similar question has been interpreted under the Federal rule. However, two opposing views are found.
In Alley & Co. v. Federal Nat. Bank (124 F. 2d 995) a motion to dismiss the amended answer and counterclaim was made and argued in the United States District Court before the new Rules of Civil Procedure became effective. After the effective date provided for in rule 86 the court made its findings of fact and conclusions of law and sustained the motion to dismiss. On appeal the Circuit 'Court of Appeals held that it was error to sustain the motion because further proceedings were controlled by the new rules and that under the new rules the answer and *428 counterclaim was proper. In making its determination it said (p. 999): “ Arguing and submitting the motion to dismiss the answer and cross claim did not end that proceeding. It was pending until the court reached its conclusion and rendered its decision. The purpose is evident in the new rules to extend their application, unless for good cause shown to all proceedings, whether brought prior to their effective date or thereafter. It has been held that the trial court must specifically find that the application of the new rules would be unjust in order for one complaining of their application to raise the question on appeal Automobile Ins. Co. v. Springfield Dyeing Co., 3 Cir., 109 F. 2d 533. No good reason appears why the new rules should not have been applied in passing on the motion to dismiss the counterclaim, and it was error for the court to sustain the motion.”
The opposing view was expressed in Leach v. Ross Heater & Mfg. Co. (104 F. 2d 88). There the District Court dismissed defendant’s counterclaim. On appeal the Circuit Court of Appeals reversed, holding that upon the procedure in effect when the motion was argued the counterclaim was proper. It said at page 90: “ The effective date for the new rules was September 16,1938. As to actions pending when the rules took effect, only ‘ further proceedings ’ in an action are governed by the new rules. The motion to dismiss, a motion made, argued and submitted for decision in August, 1938, was a past proceeding on September 16, 1938, and not a further proceeding. See Weber v. Hartzell, 8 Cir., 230 F. 965; Lyon v. Pennsylvania R. Co., 119 Misc. 380. * * * Moreover, it appears from the opinion of the court below, and neither party now questions the fact, that court and counsel had the understanding at argument of the motion that decision would be under the practice then prevalent. The procedural rules governing the motion should not in face of the understanding be changed by the delay of the court in deciding the motion.”
It is interesting to note that although both views are in conflict the results achieved are the same — that is — a litigant is not deprived of his right to seek redress for an alleged wrong. This is within the spirit of the proper administration of justice and within the intent of the Civil Practice Law and Rules as expressed in section 10003 which reads: “ Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.” Here, however, we are not dealing with a matter wherein accrued or acquired rights of any of the parties are involved. We are concerned merely with a remedial provision, its plain pur *429 poses being the removal of procedural trammels and the trial of an action without unnecessary incumbrances. To give effect to these purposes, such provisions should be applied by the courts in the interest of justice in actions and proceedings thereof whenever begun and whenever they can be applied without prejudice to accrued rights. Since the motion herein is still before the court awaiting its order, the court will give effect to the provisions of the Civil Practice Law and Rules and will adopt the proposed order submitted by the plaintiff with certain modifications therein, there being no prejudice to any of the rights of the defendant.