■ HOMOWACK REALTY CORP. et al., Appellants, v. MURRAY GITLIN, Respondent.— GIBSON, P. J. Appeal by plaintiffs from an order of the Supreme Court which dismissed the complaint for want of prosecution. The action, for breach of contract, was commenced on April 1, 1959. Note of issue was filed on September 14, 1961. An examination before trial which had previously been delayed was by agreement set down for March 14, 1963 upon the condition that if the matter should not then proceed, the defendant might "have the case removed from the calendar until the examinations are complete"; and a further adjournment to March 28, 1963 was later agreed upon, "subject to the conditions with reference to the examination scheduled for March 14, 1963". The moving affidavit asserts, without contradiction, that plaintiffs did not appear for examination and that "the action was subsequently marked off the calendar and has not been restored". Appellants assert that the motion was improperly granted because defendant was not shown to have "served a written demand requiring the plaintiff[s] to serve and file * * * a note of issue". (CPLR 3216.) The Court of Appeals in construing CPLR 3216 has held that a motion to dismiss thereunder "cannot be granted prior to the filing of a note of issue unless defendant has first served a written demand on the plaintiff to serve and file the note of issue within 45 days in accordance with the terms of the statute." (*Salama* v. *Cohen*, 16 N Y 2d 1058, 1060.) In this case, a note of issue had been filed long before the motion was made, but since we have concluded that the action was properly dismissed upon other grounds we need not consider whether or not the filing of the note of issue was vitiated, insofar as the literal language and the intendment of CPLR 3216 were concerned, by the parties' stipulation that the case be "removed from the calendar until the examinations are complete". The action having, in fact, been stricken from the calendar, was, after one year, automatically dismissed "for neglect to prosecute " (CPLR 3404). Appellants' argument that the provisions of CPLR 3404 may not be urged for the first time on this appeal is without merit, since those provisions are self-executing and do not depend on any action, or the absence of any action, on the part of the defendant.

Order reversed, on the law, without costs, and motion dismissed, without costs, as academic, the action having been previously dismissed for neglect to prosecute, pursuant to CPLR 3404. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.