■ VICTOR LEVINE, as Trustee, Appellant, v. LEONARD P. LEVY, Respondent. — Appeal held, decision reserved and matter remitted to Onondaga County Special Term (MEAD, J.) for further proceedings in accordance with the following Memorandum: It was error to grant the motion to dismiss the action for nonprosecution pursuant to CPLR 3216. The case was stricken from the calendar in November, 1954 and, no application to restore having been made within one year thereafter, it was automatically dismissed by virtue of subdivision 2 of rule 302 of the Rules of Civil Practice (now CPLR 3404). (*Wheelock* v. *Wheelock*, 4 N Y 2d 706.) In this circumstance, the motion under CPLR 3216 should have been dismissed as academic. (*Homowack Realty Corp.* v. *Gitlin*, 25 A D 2d 703.) In the interest of expediency and to forestall further prolongation of this litigation which is now before this court for the fourth time, we regard plaintiff's opposition to the present motion as an application to open his default, vacate the dismissal and restore the case to the calendar. (*Radar-Electronics* v. *Oscar Leventhal, Inc.*, 8 A D 2d 778.) In order to succeed on such an application, plaintiff must establish both that there is merit to his action and that there is a reasonable excuse for his long continued inactivity and delay. (*Von Diezelski* v. *Food Fair Stores*, 18 A D 2d 724.) We agree with the determination by Special Term that there is merit to the case. As to the other issue, the only excuse offered by plaintiff is an alleged agreement entered into by him and by defendant's counsel that prosecution of the action would be postponed until the death of the widow of Horace P. Dodge. The

affidavits furnished by plaintiff (himself an attorney) and by defendant's attorney present a sharp question of fact as to the existence of such an agreement. A hearing is required under CPLR 2218 at which the attorneys may be examined and other relevant proof submitted for a determination of this issue. The decision of Special Term, based upon the evidence produced at the hearing, may then be reviewed by this court. (Appeal from judgment and order of Onondaga Special Term dismissing complaint for failure to prosecute.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.