■ PHILIP KENNEDY, Plaintiff, and HENRY NEULIST, Respondent, v. HUNT-INGTON HARTFORD et al., Appellants, et al., Defendants. HUNTINGTON HARTFORD, Third-Party Plaintiff, v. LANDRICH INVESTMENT COMPANY LIMITED, Third-Party Defendant.— Orders, entered on July 25, 1968, denying defendants-appellants' motions to dismiss the complaint herein and for summary judgment, unanimously reversed, on the law and motions for summary judgment granted, with $50 costs and disbursements to appellants. Plaintiff, a licensed real estate broker, is seeking to recover what he terms a finder's fee for services he claims to have rendered in connection with the sale of "Paradise Island", located in Nassau, the Bahamas. We hold that the transaction which forms the basis of this lawsuit involves the sale of real estate, since "real estate is the principal element involved, and is the dominant feature of the transaction". (Sorice v. Du Bois, 25 A D 2d 521.) Not only has plaintiff admittedly arranged to split his commissions with other individuals who acted as brokers, although not licensed to do so, but he has also agreed in writing to share the proceeds of this lawsuit. Because of this, and because the services performed by plaintiff and by his associates, with whom he was to share his commissions and the proceeds of this action, are those of a broker, the transaction falls squarely within the scope of article 12-A of the Real Property Law. The public policy embodied in that article bars plaintiff from recovery, either in contract or in tort, for the services in question. In any event, were we not dismissing the complaint for the reasons above stated, we would do so on the ground that plaintiff's claim, factually, lacks merit. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Bastow, JJ.

■ M. JOHN MEE, Respondent, v. THOMPSON STARRETT COMPANY, INC., et al., Appellants.— Order, entered August 5, 1968, unanimously affirmed, without costs and disbursements. Although there exists considerable doubt as to the merits of plaintiff's cause of action and as to the existence of the alleged understanding which would avoid the effect of the general release delivered in escrow, we conclude that the record does not permit as a matter of law dismissal of the action. It is settled that "summary judgment should not be granted where there is any doubt as to the existence ' of [factual] issues'." (Millerton Agway Coop. v. Briarcliff Farms, 17 N Y 2d 57, 61; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.) Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Bastow, JJ.