■ LEONARD FREEDMAN et al., Appellants, v. WILSON SECURITIES CORPORATION et al., Respondents.— Order entered August 27, 1968, unanimously reversed, on the law and the facts, and the motion to vacate the attachment is denied and the attachment is reinstated, with $30 costs and disbursements to

abide the event. Despite the realization by the Special Term that "Virtually all the facts in this case are in dispute and no compelling evidentiary matter has been submitted by either side to resolve them", it concluded nevertheless that the attachment granted in the plaintiffs-appellants' action for the defendants' conversion, fraud and deceit was unnecessary to the plaintiffs' security. While we would agree with the defendants that the statute ("If, after the defendant has appeared in the action, the court determines that the attachment is unnecessary to the security of the plaintiff, it shall vacate the order of attachment") is not confined to attachments procured on jurisdictional grounds but is applicable to all attachments and permits their vacatur where not necessary to the security of a plaintiff, in the present instance the defendants failed to show that the attachment in fact was "unnecessary to the security of the plaintiff" (CPLR 6223): (*Fuller Co.* v. *Vitro Corp. of America,* 26 A D 2d 916; *Zeiberg* v. *Robosonics, Inc.,* 43 Misc 2d 134; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6223.16.) The defendants, moreover, failed to show that the plaintiffs must ultimately fail on the merits of the action (*Waterman-Bic Pen Corp.* v. *Waterman Pen Co.,* 8 A D 2d 378) and accordingly the Special Term was not warranted in determining that a "good question" was raised by the defendants' counterclaim. Furthermore, and in the circumstances, consideration of the merits of a counterclaim was particularly inappropriate on a motion to vacate an attachment since the burden imposed upon the plaintiffs is satisfied by a statement that the sum claimed from defendants is due over and above all counterclaims which plaintiffs are willing to concede as just. (CPLR 6212; *Bard-Parker Co. v. Dictograph Prods. Co.,* 258 App. Div. 638, 640; *Weiss* v. *Goldsleger,* 15 Misc 2d 171, affd. 8 A D 2d 607.) Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.