█ In the Matter of GALAXY COFFEE SHOP, INC., Petitioner, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the State Liquor Authority which denied petitioner's application for a restaurant liquor license. After a hearing before the Authority upon remand by the Special Term, the Authority on July 3, 1968 adhered to its original determination denying the application. Determination annulled, on the law, without costs, and respondent directed to issue such license to petitioner forthwith. No questions of fact have been considered. Petitioner's application for a license was denied on the ground that the restaurant entrance was less than 200 feet (namely, 196.4 feet) from the nearest entrance of a school on the same street. The school door used for the purpose of that measurement was a side door, used exclusively as an exit (except during fire drills), and kept locked so it could not be entered from the street. On May 10, 1969, subdivision 7 of section 64 of the Alcoholic Beverage Control Law was amended by chapter 501 of the Laws of 1969, effective immediately, so as to define the word " entrance " as a " door of a school * * * regularly used to give ingress to students ". As an appellate court must decide a case on the basis of the law as it exists at the time of its decision (Matter of Lunden v. Petito, 30 A D 2d 820; Matter of Boardwalk & Seashore Corp. v. Murdock, 286 N. Y. 494; Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475), we must determine this case on the basis of subdivision 7 of section 64 as it now reads. It is clear that under the present statute, the side door in question cannot be considered an " entrance ", and the distance must be measured to the nearest entrance of the school around the corner, on a different street. That entrance is not only on a different street but is also substantially more than 200 feet from the restaurant. Hence, the issuance of the license to petitioner is not barred by the distance limitation contained in subdivision 7 of section 64. We might also note that even under subdivision 7 of section 64 as it read prior to the 1969 amendment, it is our opinion that the subject side door was not an " entrance " as that word was used in the statute; and the distance therefore should not have been measured to that door but rather to the nearest entrance of the school around the corner, which, as above noted, was on a different street and more than 200 feet from the restaurant (see Matter of Tirdell v. State Liq. Auth., 12 N Y 2d 935; McDougal v. Malaghan, 184 N. Y. 253; Matter of Surface Line Operators Fraternal Organization v. New York State Liq. Auth., 25 A D 2d 775). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.