■ NATHAN H. RICHMAN, Appellant, v. FLORENCE K. RICHMAN, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered in Albany County on January 9, 1973, which vacated and set aside an order of attachment previously issued on November 13, 1972. The sole issue briefed in this court on this appeal is directed to the constitutionality of CPLR 6201, 6211, being part of article 62 captioned "Attachment". The issue sought to be controverted concerns whether property may be seized by an order of attachment without notice to all parties and the opportunity for a hearing. The Attorney-General has filed an affidavit in which he states "that this proceeding, instituted pursuant to the provisions of section 6223 of the CPLR to vacate and set aside an order of attachment, is not an appropriate proceeding in which to attack the constitutionality of the statute". We agree. There is no showing in the present record that failure to decide the constitutional issue will create severe consequences or irreparable damages. There are other avenues open to this court for a proper disposition of the appeal. The litigants are husband and wife and have become involved in domestic difficulties and embroiled in legal disputes. It appears from the complaint herein that in the course of a prior action between the parties they entered into a stipulation whereby the plaintiff agreed to "assign and transfer to the defendant wife all his right, title and interest in and to" bank accounts either in the defendant's name or in their joint names. The defendant in turn stipulated and agreed to assign to plaintiff certain specified stocks, bonds and securities and, further, any "interest in and to any property belonging to the plaintiff, exclusive of the aforementioned property". As a result of the stipulation, the prior action was unconditionally discontinued *and* an order of attachment in such action was vacated. The complaint in the present action seeks specific performance of the terms and conditions of the prior stipulation and a warrant of attachment was secured, without notice, attaching certain personal property of the defendant. The warrant was issued "for the wrongful and unlawful conversion of personal property and/or for fraud or deceit; and is an action upon a Contract or Stipulation wherein defendant has been and is, guilty of fraud and deceit in contracting and incurring said liability". The only affidavit in support thereof, while using the conclusory words "false and fraudulent", fails to set forth facts to sustain such allegations and the affidavit, when read in its entirety, at best, spells out an action for specific performance due to a breach of (stipulation) contract. Where a prior action has been discontinued by a stipulation in open court, the settlement can only be enforced or set aside by the bringing of an independent action. (Cf. *Allard* v. *Allard*, 27 A D 2d 776, 777.) Pursuant to the terms of settlement, the defendant was entitled to the bank accounts and

the necessary procedure was taken to assure such transfers. The affidavit, the order and the warrant of attachment do not designate under what subdivision of CPLR 6201 the proceeding was commenced, but it is evident from the pleadings that reliance was upon subdivision 8 which provides that " there is a cause of action to recover damages for the conversion of personal property, or fór fraud or deceit ". The present record is totally insufficient to sustain the issuance of the writ and it was error for the court, under the circumstances, to grant the prior order of attachment. In such circumstances it is not necessary to reach the constitutional issue raised as to the failure of service of notice and the opportunity of a hearing. In *National Psychological Assn.* v. *University of State of N. Y.* (18 Misc 2d 722, 725-726, affd. 10 A D 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 U. S. 298) the court said: " Particularly, courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face " (see *Matter of Spielvogel* v. *Ford,* 1 N Y 2d 558, 562). Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur. [72 Misc 2d 803.]