DAVID MERRICK, Respondent, v FOUR STAR STAGE LIGHTING, INC., et al, Appellants.

First Department, December 30, 1975

*Philip R. Forlenza* of counsel *(Hawkins, Delafield & Wood* and *Crossin & Crossin,* attorneys), for appellants.

*Harold J. Sherman* of counsel *(Benjamin Aslan* with him on the brief; *Fitelson & Mayers,* attorneys), for respondent.

KUPFERMAN, J. The defendants appeal from an order directing the Sheriff to seize personalty consisting of electrical lighting equipment useful for theatrical productions. Plaintiff, a well-known stage producer, stored this equipment with the defendant Four Star Stage Lighting, Inc. (Four Star) of which defendant De Verna is now president.

Plaintiff demanded the return of his equipment in the latter part of 1974, and in December, 1974 notified the defendants that he expected to take possession in January, 1975. In April, 1975, he commenced a replevin action for the equipment and for wrongful use and conversion thereof.

A hearing was held before Mr. Justice ANDREW R. TYLER in July, 1975 pursuant to order to show cause as to why an order of seizure should not be entered, including the direction to the Sheriff "to break open, enter, search and seize the property in the places where the property may be" and hold it pursuant to the provisions of CPLR article 71.

It is conceded that the property in question belongs to plaintiff, although the defendants contend that some of it is fungible and indistinguishable from defendants' own equipment.

The original storage agreement going back to 1967 was oral and provided for the payment by Merrick to defendant Four Star of 7% of the value of his equipment for handling and storage. De Verna did not become a principal in Four Star until 1971.* Prior to that time, there is little doubt that the equipment was commingled by and used by Four Star for other productions. Thereafter, Merrick claims and De Verna denies that Merrick directed that it be segregated. While the parties agree that the storage arrangement is terminable at will, it is contended by De Verna that the availability of the equipment for use by Four Star made a delay of its return imperative due to the fact that it was used in other produc-

---

* He had been a business agent for the union.

tions, among them "Chorus Line", the current theatrical hit show.

Merrick claims that De Verna "stalled" return of the equipment because he was profiting by its use. De Verna claims that Merrick demanded the equipment's return as a ploy in negotiations for its sale to Four Star. In any event, De Verna testified at the hearing before Judge TYLER that it would take 90 days for him to return the equipment "without a serious business interruption."

There are no constitutional issues here. While *Fuentes v Shevin* (407 US 67) seemingly mandates procedural due process requiring notice and an adversary hearing prior to seizure, *Mitchell v Grant Co.* (416 US 600) made it clear that in the ordinary repossession situation where you have the problem of balancing creditors' claims for payment and the debtor's interest in uninterrupted possession of goods, it would be sufficient if the creditor furnish adequate security and satisfy the court in a factual showing of the validity of the claim. A prompt subsequent adversary hearing after sequestration would then be sufficient. Procedural due process has been followed here, and further an undertaking has been submitted by the plaintiff of over $900,000.

In 1971, following a determination by a three-Judge Federal court that the predecessor article 71 of the CPLR was unconstitutional in violation of the Fourth and Fourteenth Amendments *(Laprease v Raymours Furniture Co.,* 315 F Supp 716 [ND NY]), the present statute was enacted. See the analysis by Judge MARTIN EVANS in *Finkenberg Furniture v Vasquez* (67 Misc 2d 154) and the Supplementary Practice Commentary by Dean Joseph M. McLaughlin to CPLR 7102 (McKinney's Cons Laws of NY, Book 7B, CPLR 1702, p 149, 1975–1976 Supp).

The defendants contend that the inclusion of a provision pursuant to CPLR 7102 (subd [c], par 5) "5. if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel in the place where the chattel may be, facts sufficient under the due process of law requirements of the fourteenth amendment to the constitution of the United States to authorize the inclusion in the order of such a provision." requires that the place to be searched and the chattel to be seized must be specified with reasonable particularity.

A stage hand long-time employee of Merrick's, Willard Shaffer, testified that he maintained an inventory, and that

shortly before the July hearing he had gone to the Four Star equipment storage facility and located the equipment, and the schedule which was substantially correct was available. Prior to the hearing in July, defendants had returned some of the equipment. The parties were all knowledgeable in the theatrical area and knew what was involved. Defendants were not poor defaulting consumers of household goods whose refrigerators were being repossessed. (See *Mitchell v Grant Co., supra.*) The equipment was either at the storage facility or in a theatre. That the plaintiff may have added the Shubert Theatre to the list of possible locations is of little concern to the defendants. It was not their property that might be invaded.

The defendants were bailees whose bailment was properly terminated. The only question was whether the oral agreement of bailment included a reasonable time after termination for the defendants to return the equipment. By virtue of the legal processes available to them, the defendants had, prior to the hearing, at least that reasonable amount of time.

The order of the Supreme Court entered July 15, 1975 should be affirmed, with costs.

STEVENS, P. J., MARKEWICH, CAPOZZOLI and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on July 15, 1975, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal.