■ DOMINICK & DOMINICK, INCORPORATED, Respondent, v RICHARD S. NAIR, Appellant.—Order, Supreme Court, New York County, entered on January 19, 1976, granting an order of attachment, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The plaintiff corporation obtained an order of attachment after a hearing held at Special Term. The claim of the plaintiff corporation was that there was an account receivable from a client which the defendant (then an officer of the plaintiff corporation) allegedly converted to his own use. At the hearing held at Special Term, the plaintiff made a prima facie showing that there was a conversion by the defendant of funds due to it which would entitle it to an order of attachment (CPLR 6201, subd 8). The plaintiff corporation submitted a bill for services rendered to its client, directed to the attention of defendant handling the account. The bill was originally to be made payable to the order of the plaintiff corporation but, at the request of the defendant, payment was made to the defendant as "trustee." These facts were not refuted by the defendant, and his explanation for the change in payment, while possibly interposable as a defense to the action, was inadequate to overcome the right of the plaintiff corporation to an order of attachment. There was no showing that the plaintiff must ultimately fail on the merits (7A Weinstein-Korn-Miller, par 6223.05), or that the attachment was unnecessary to the security of the plaintiff (CPLR 6223; cf. *Freedman v Wilson Securities Corp.,* 31 AD2d 627, 628), and we have accordingly affirmed. Concur—Murphy, Lupiano, Birns and Lane, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman, J. (dissenting). I dissent and would reverse and vacate the attachment. The defendant, as conceded by the representative of Arlen Development Co., which was in charge of rentals for Olympic Tower in Manhattan, was the intermediary in the rental of certain units in that building. There was a written letter agreement acknowledging the defendant's interest as "a professional financial consultant". In reality, what was involved was a real estate brokerage fee, and the defendant, being a member of the New York Bar, did not need a real estate license for this purpose. The plaintiff, a stock exchange firm, sues the defendant, its former employee, in conversion with respect to the checks issued by the real estate firm to the defendant. Whether the plaintiff would at all be entitled to this payment is questionable (see *Kennedy v Hartford,* 31 AD2d 616) because it was not licensed to act as a real estate broker. However, to the extent that it has any standing, it is through an employment arrangement with the defendant. The attachment issued under CPLR 6201 (subd 8) was on the

basis that the action was one for conversion. This begs the question. While the court at Special Term held a hearing (cf. *Mitchell v Grant Co.*, 416 US 600; *Fuentes v Shevin*, 407 US 67; *Merrick v Four Star Stage Light.*, 50 AD2d 335), there was no record made of the financial arrangements between the plaintiff and the defendant, which would indicate its rights vis-à-vis that of its employee, and there was no direct arrangement between the plaintiff and the third party. There were two items that might substantiate the claim of conversion for the purpose of attachment. One was that initially Arlen issued a check to the plaintiff, and then, at the request of the defendant, canceled it and reissued it to the defendant. The other is that the check it prepared for the defendant was made out to him as "Trustee". His explanation for the use of the word "Trustee" is that he may have had to share the commission with others, not the plaintiff, and so he placed the check in his escrow account. However, in view of the fact that the agreement which called for the fee was made with the defendant, and further, that the plaintiff had no relationship to the third party which made the payment, the claim for conversion as a cause of action is tenuous and does not warrant an attachment. This, of course, would not foreclose the plaintiff from pursuing its claim of right, in contract or otherwise, against the defendant without an attachment.