■ In the Matter of THERESA M. HART, as Executrix of MICHAEL SABATINO, Deceased, Appellant. PHILOMENA KELLY, Respondent.—Appeal from an order of the Surrogate's Court, Albany County, entered therein on May 10, 1977, which denied a motion by the executrix to vacate an order of attachment. The executrix argues on appeal that she was deprived of her property without due process of law in that the Surrogate placed the burden of proving the grounds to vacate the attachment on her. She also contends that the attachment was unconstitutional because it was obtained ex parte and without a hearing. The executrix urges that the Surrogate erred in finding that fraud or any other grounds for attachment were made out in the moving papers submitted in support of respondent's ex parte motion for an order of attachment. In the instant case there were material contested issues of fact created by the affidavits submitted. When these facts, on which

respondent relied to establish a prima facie case were put in dispute by the affidavits of the executrix and her witnesses, they should have been resolved at a hearing. It was reversible error for the Surrogate to make findings of these contested material facts based on the affidavits alone (CPLR 2218; *Kirkerby-Natus Corp. v Gevinson,* 33 AD2d 883; *Pomona Enterprises v Mellen,* 30 AD2d 704; *Levine v Levy,* 29 AD2d 827). The case should be reversed and remitted for a hearing to resolve issues of fact. At that time, the Surrogate Court should consider the case in the light of the recent amendments to the attachment statute (CPLR art 62), effective September 1, 1977 (L 1977, ch 860, § 1). In view of the statutory changes, and since an appellate court must apply the law as it exists at the time of the decision by such court *(Kelly v Long Is. Light. Co.,* 31 NY2d 25; *Matter of Galaxy Coffee Shop v Hostetter,* 32 AD2d 946), further grounds exist requiring the reversal of the Surrogate's order and the remittal of this matter. CPLR 6223 (subd [b]) now provides: "Burden of proof. Upon a motion to vacate or modify an order of attachment the plaintiff shall have the burden of establishing the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits." In view of the foregoing, the Surrogate's ruling is not in conformity with the law as it now exists. On remand, the merits of the controversy must also be required by the amendments to the statute. Prior case law required that an order of attachment must be vacated if it clearly appeared that the plaintiff would ultimately fail on the merits (see *Wulfsohn v Russian Socialist Federated Soviet Republic,* 234 NY 372). The statute now requires that the plaintiff establish the probability of success on the merits (CPLR 6212, subd [a]; 6223, subd [b]). The record before this court is insufficient to permit a determination of the probability of respondent's success on the merits. The matter is remitted for this additional reason (CPLR 6223, subd [b]; 2218; *Regnell v Page,* 82 Misc 2d 506, 510). We do not reach the constitutional issues raised by the appellant executrix because the instant order of attachment may be vacated on statutory grounds on remittal (see *Richman v Richman,* 41 AD2d 993). Order reversed, on the law, without costs, and matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.