**BURT PRINTING CO., INC., Plaintiff,**

v.

**MIDDLE EAST MEDIA CORPORATION, Defendant.**

**No. 78 Civ. 3310 (KTD).**

United States District Court,
S. D. New York.

Nov. 9, 1978.

Cohen & Cohen, New York City, for plaintiff; Joel Cohen, New York City, of counsel.

Abraham Cohen, New York City, for defendant; Abraham Cohen, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Burt Printing Co., Inc., has moved for an order pursuant to Fed.R. Civ.P. 64, confirming the order of attachment issued by this Court on August 24, 1978. Plaintiff contends that it is entitled to this order because defendant is a foreign corporation not qualified to do business in New York and because it will probably succeed on the merits. Plaintiff further alleges that the amount demanded from defendant exceeds all counterclaims known to plaintiff.

Defendant has contested plaintiff's application, urging that it has substantial counterclaims in excess of plaintiff's claim. Defendant further contends that because of plaintiff's activities in violation of the contract upon which the instant action is based, plaintiff cannot demonstrate its probability of success on the merits. Accordingly, defendant asks that the motion to confirm be denied and that an order vacating the attachment be entered.

This is an action arising out of a contract between plaintiff and defendant Middle East Media Corporation [hereinafter referred to as "MEMCO"], the publisher of *Middle East Business,* an international magazine. Pursuant to the contract, plaintiff was to print and bind the material submitted by defendant. Net payment was due thirty (30) days "from the date of receipt in New York of printed magazines and presentation of invoice." Aff't of Dr. Souheil E. Elia, September 23, 1978, Exhibit A. Plaintiff claims to have printed, bound and mailed the January/February, 1978 and March/April, 1978 issues of *Middle East Business* in accordance with the agreement. It further claims that of the $47,169.59 due for this work, defendant has paid only $10,-000. Plaintiff also demands payment for its work printing and binding the May/June, 1978 issue. Plaintiff claims it was unable to comply with defendant's delivery instructions regarding this issue because the air carrier refused to accept the magazines, claiming that a prior indebtedness of defendant was unsatisfied. Plaintiff seeks $21,702.95 for its work on the May/June issue.

Not surprisingly, defendant's version of what transpired between the parties differs somewhat from plaintiff's. According to Dr. Souheil Elia, President and Chief Operating Officer of defendant, plaintiff was late with the January/February and March/April issues. He also asserts that plaintiff never provided defendant with contact films as it was obligated to do under the agreement. Finally, he claims that plaintiff insisted upon being paid for the January/February and March/April issues before payment was actually due under the agreement. Moreover, according to Dr. Elia, plaintiff refused to make delivery of the May/June issue until it received payment for the prior issues, and has, in fact, never effected delivery. Defendant has counterclaimed for the damage to its repu-

tation that it allegedly has suffered by reason of plaintiff's refusal to deliver the magazines. In addition, defendant seeks damages for the delay in delivery of the January/February and March/April issues of *Middle East Business* ; the failure of plaintiff to deliver the contact films as provided in the agreement; and the conversion of defendant's property. The cumulative value of these counterclaims allegedly is well in excess of the amount sought by plaintiff.

■ On a motion to confirm an attachment, plaintiff has the burden of establishing its likelihood of success on the merits, as well as the fact that its claim exceeds all counterclaims known to it. N.Y.C.P.L.R. § 6212(a). Because certain factual questions were raised by plaintiff in its papers on this motion, I directed that a hearing be held to afford plaintiff the opportunity to meet its burden. *See Estate of Sabatino,* 59 A.D.2d 992, 399 N.Y.S.2d 339 (3d Dep't 1977). That hearing was held on November 3, 1977. On the basis of the testimony elicited therein, I conclude that the attachment should be confirmed.

There is no question that grounds for an attachment exist. Section 6201 provides that an attachment may be granted where defendant is a foreign corporation not qualified to do business in the State. This is the case with MEMCO.[1] Furthermore, plaintiff has demonstrated the need for attachment since it appears that MEMCO's assets in the United States are not substantial; all plaintiff's efforts have been able to uncover are one bank account totalling an amount of approximately $14,000 and a heavily mortgaged piece of realty.

Finally, I find that plaintiff has met its burden of establishing a likelihood of success on the merits. Plaintiff's vice president and chief operating officer, Clark S. Rainey, testified that he printed, bound and mailed two double issues of defendant's magazine in accordance with the contract between the parties. In April, 1978 they were ready for distribution, however, when defendant discovered that an advertisement, which it had intended to be in color, appeared in black and white, it held up shipment of the magazine for a time. By May 17th the magazines were shipped out.

■ Defendant contends that plaintiff insisted upon early payment for the magazines and that, in fact, it was not entitled to be paid until thirty days after receipt in New York of the magazine and presentation of the invoice. The meaning of this provision, however, loses clarity since the magazines in question were never slated to be shipped to New York. See Affidavit of Dr. Souheil E. Elia, September 23, 1978. In any event, it is clear to me from the testimony and evidence thus far presented that plaintiff is entitled to payment for the magazines it has shipped. The delay of which defendant complains was in large part self-imposed. Moreover, the negotiations for payment between the parties indicate that defendant was willing to pay for the issues after plaintiff shipped the May/June issue. Thus, its present counterclaim that the delay caused it $30,000 in damages loses some of its force. In any event, notwithstanding the amendments to New York's Attachment Statute, the counterclaim provisions have remained unaltered. I, thus, have no reason to reexamine the authority which holds that the existence of disputed counterclaims does not defeat an attachment.[2] *See American Jerex Co. v. Universal Aluminum Extrusions,* 340 F.Supp. 524, 529 (E.D. N.Y.1972); *Freedman v. Wilson Securities Corp.,* 31 A.D.2d 627, 295 N.Y.S.2d 789, 791 (1st Dep't 1968). *See also* 7A Weinstein-Korn-Miller, § 6212.05. Plaintiff disputes all of defendant's counterclaims.

Defendant also claims that since plaintiff never shipped the May/June issue, it is not entitled to any payment therefor. In this connection, I note that after many negotiations, plaintiff did attempt, on June 30,

---

1. Dr. Souheil E. Elia, President and Chief Operating Officer of MEMCO, indicated in his affidavit of September 23, 1978, that he was in the process of filing a certificate of qualification to do business in New York. This was the only mention of such a certificate and I can only conclude that, to date, defendant is not qualified to do business in this State.

2. This authority makes it unnecessary for me to discuss each and every counterclaim separately.

1978, to ship the magazines via KLM Airlines, the carrier which had taken the past issues. KLM refused to accept shipment unless it received advance payment. A representative of KLM testified that defendant had an outstanding indebtedness to KLM and that defendant also had had a prior dispute with a printing company which apparently played a part in KLM's unwillingness to ship without advance payment.

After KLM refused to ship the goods, plaintiff notified defendant and awaited further advice. Defendant apparently never sent substitute instructions which could be understood. Moreover, defendant never tendered payment for the prior issues although by this time it was long overdue.

Based upon what I have heard and seen, I believe that plaintiff has met its burden of establishing probability of success on the merits. Accordingly, the attachment will stand.

Settle order on ten days' notice.