OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by plaintiff seeking leave to reargue the defendant’s motion for reverse partial summary judgment in a matrimonial action resulting in the court’s memorandum decision dated August 23, 1984, is granted, and upon such reargument and reconsideration, the memorandum decision of this court dated August 23, 1984, is vacated. In its place and stead the court denies the motion for reverse partial summary judgment on the grounds that there has been a change in the law of the State of New York, effective August 3-, 1984, barring such reverse summary judgment.
The change in the law (L 1984, ch 827) amends CPLR 3212 (subd [e]) to read in pertinent part as follows: “(e) Partial summary judgment; severance. In a matrimonial action summary judgment may not be granted in favor of the non-moving party.”
The amendment which bars reverse partial summary judgment is obviously a curative form of legislation to remedy a practice which was unfair to the nonmoving plaintiff. The Governor, in signing the legislation into law, said that reverse
*195 partial summary judgment was a device which “often provides an unfair trial advantage to the moving party and imposes undue hardships and burdens on the non-moving party, which in many cases is the plaintiff wife.” (See Governor’s memorandum of approval, McKinney’s Session Laws of NY, 1984, p 935; Aug. 13,1984, p 1, cols 3, 4.) Under the practice prior to the new change in the law, judgment in favor of an adversary served to bifurcate the matrimonial action by permitting entry of an interlocutory judgment of divorce before ancillary issues, such as support and equitable distribution, are resolved at trial.
The new legislation does not preclude a party from moving for summary judgment, or partial summary judgment, in his or her own favor.
Curative acts, or statutes designed to remedy specific defects in proceedings already prosecuted, may have a valid retroactive operation, although they may not cure a jurisdictional defect or effectively defeat vested rights. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54, subd b.)
The general rule, too, is that an appellate court will decide an issue under the law as it exists on the date of the appeal (Kelly v Long Is. Light. Co., 31 NY2d 25; Matter of Sabatino, 59 AD2d 992; Matter of Nelson v Nationwide Measuring Serv., 59 AD2d 717; Matter of Town Bd. v Plonski, 13 AD2d 704; Matter of Belclaire Holding Corp. v Klingher, 28 AD2d 689); and it is well established that the courts generally give effect to the law as it exists at the time of decision. (Smalley v Associated Transp., 52 AD2d 979.)
At the time chapter 827 of the Laws of 1984 was signed into law, chapter 828 was also signed by the Governor. Chapter 828 amended section 2 of chapter 827 to read as follows: “§2. This act shall take effect immediately and its application shall be determined in accordance with the provisions of section [10003] of the [CPLR].”
CPLR 10003 provides as follows:
“§10003. Pending and subsequent proceedings
“This act shall apply to all actions hereafter commenced. This act shall also apply to * * * further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.”
*196 Of course, the action, here, was commenced on or about March of 1981, by personal service upon defendant. A judgment or order embodying the memorandum decision of this court, dated August 23, 1983, has neither been signed nor entered, although a proposed order was noticed for settlement on September 13, 1984, whereas the motion to reargue herein was served upon the defendant’s counsel on or about September 10, 1984, and the court was so advised that such a motion was returnable, originally on September 26, 1984. However, the motion was adjourned to October 3, 1984, at which time it was submitted.
The memorandum decision of August 23, 1984 specifically stayed the entry of any judgment of divorce until there had been a final disposition of all issues. Furthermore, there has been no signing or entry of any order or judgment and, hence, the time to appeal any order growing out of the court’s decision of August 23,1984, has not run. There are no vested rights to defeat in the application of the law which became effective after the motion for reverse partial summary judgment was made and submitted for determination, but before any decision on the motion was made.
The court does not feel precluded by the fact application of the new legislation is governed by CPLR 10003 which provides in part that it “shall apply to all actions hereafter commenced”. The second sentence of CPLR 10003 indicated that it “shall also apply to all further proceedings in pending actions”. Since the motion is still technically before the court awaiting its order, the motion has not reached its conclusion and is still pending. (See Perryman Burns Coal Co. v Mandelbaum, 40 Misc 2d 426.)
Accordingly, the memorandum decision of August 23,1984, is vacated; the proposed order submitted by defendant shall not be entertained by the court, and the motion of the defendant for reverse partial summary judgment is denied.