■ CARL P. PALADINO, Respondent-Appellant, v RICHARD BROVITZ et al., Individually and Doing Business as S.F.B. ASSOCIATES, Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The record, even when viewed in the light most favorable to plaintiff, reveals that the parties failed to agree upon the amount of a brokerage commission payable to plaintiff. Plaintiff's claim that the parties agreed that he would be paid a commission of $12,500 or 6% of base rents for a 10-year period is no more than an agreement to agree on the amount of commission at some time in the future *(see, Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475, *cert denied* — US —, 112 L Ed 2d 33; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). Accordingly, defendants were entitled to summary judgment

dismissing the first cause of action of the complaint seeking recovery based upon breach of an express contract.

The court properly denied summary judgment on the second and third causes of action seeking recovery on the theories of quantum meruit and unjust enrichment *(see, Hutner v Greene,* 734 F2d 896, 900). Factual issues were raised whether plaintiff agreed to split commissions with an unlicensed broker or salesperson *(see,* Real Property Law § 442; *Kennedy v Hartford,* 31 AD2d 616), thereby precluding partial summary judgment on liability. (Appeals from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.