■ PHIL KRIEGEL ASSOCIATES, INC., Appellant, v M. LAHM KNITTING MILL, INC., Doing Business as LAHM KNITTING MILLS, Respondent. (And a Third-Party Action.)

There is no real dispute that the commission agreement in issue commenced in 1977. Uncertainty as to whether this partially oral and partially written agreement included a provision concerning exclusivity does not render it unenforceable. Exclusivity of representation is not an essential term in a sales representative's agreement. The agreement, specific with respect to the essential terms of commission, was not a mere agreement to agree *(cf., Paladino v Brovitz,* 170 AD2d 958). Thus, this enforceable contract commencing as it did in 1977, is not subject to Labor Law §§ 191-a, 191-b and 191-c, since these provisions expressly apply only to contracts commenced on or after January 1, 1988.

It is questionable whether, as plaintiff argues, these provisions are remedial in nature, and therefore to be liberally interpreted and retroactively applied, since they do not merely correct inequities in existing law but create new rights and remedies where none previously existed *(see, Matter of Cady v County of Broome,* 87 AD2d 964, 965, *lv denied* 57 NY2d 602). In any event, even a remedial purpose does not allow the court to ignore the plain language of a statute *(Matter of First Energy Leasing Corp. v Attorney-General of State of N. Y.,* 68 NY2d 59, 63-64). Here, the provisions in question expressly provide that they are not to be effective prior to 1988. Accordingly, the IAS court properly concluded that there is no need to review defendant's argument that the provisions in question are unconstitutional. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.