■ ALAN NEIDEREGER, Appellant, v HIDDEN PARK APARTMENTS, INC., Respondent. (And a Third-Party Action.) [760 NYS2d 892] —In an action to recover damages for personal injuries, the plaintiff appeals· from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered November 8, 2001, which, upon an order of the same court dated July 13, 2001, granting the defendant's motion to dismiss the complaint pursuant to CPLR 3404 and, in effect, denying his cross motion to restore the case to the trial calendar, dismissed the complaint.

Ordered that the judgment is affirmed, with costs, so much of the order as granted the motion is vacated, and a provision denying the motion as unnecessary is added thereto.

This case was "marked off" the trial calendar on October 5, 1999. Accordingly, upon the plaintiff's failure to take any steps to restore the case, it was automatically dismissed on October 5, 2000, pursuant to CPLR 3404. Therefore, the subsequent motion by the defendant to dismiss the complaint should have been denied as unnecessary.

With regard to the plaintiff's cross motion to restore the case to the trial calendar, the law is settled that in order to restore a case that has been dismissed pursuant to CPLR 3404, the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon, and (4) lack of prejudice to the opposing party (*see Buckley v Astoria Fed. Sav. & Loan Assn.,* 297 AD2d 696 [2002]; *Basetti v Nour,* 287 AD2d 126 [2001]). Here, the plaintiffs failed to provide a reasonable excuse for the failure to timely restore the case and failed to demonstrate a lack of prejudice to the defendant. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.