█ GREGORY MILLS, as Surviving Executor of LINDA MILLS PISANI, Deceased, Appellant, v SANTO C. PISANI, Respondent. [805 NYS2d 209]—

Appeals from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered July 12, 2004. The order granted defendant's motion for leave to reargue and, upon reargument, vacated that part of the prior order and judgment entered May 20, 2004 that dismissed the action with prejudice, and denied that part of plaintiff's motion seeking dismissal of the action with prejudice.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Linda Mills Pisani (decedent) commenced this action for divorce in 1992. In June 1994, Supreme Court

(Murphy, J.) granted decedent a judgment of divorce and stayed entry of the judgment pending resolution of the equitable distribution issues. In July 1995, the court issued an order that, inter alia, lifted the stay, struck the case from the calendar, and directed that a new note of issue be filed within 120 days of the order. The judgment of divorce and the order lifting the stay and striking the case from the calendar were filed on July 20, 1995. No further action was taken on the equitable distribution issues. Decedent died on July 25, 2000, and defendant thereafter attempted to make a claim against decedent's estate in Surrogate's Court based on equitable distribution. Plaintiff thus moved in March 2004 for an order substituting him as the plaintiff in the divorce action for the sole purpose of making the motion, determining that the action has been deemed abandoned pursuant to CPLR 3404, and dismissing the action with prejudice based on that abandonment. The motion was unopposed, and Supreme Court (DeJoseph, J.) granted the motion in its entirety. The court then granted defendant's subsequent motion for leave to reargue plaintiff's motion and, upon reargument, vacated that part of the prior order and judgment that dismissed the action with prejudice, and denied that part of plaintiff's motion seeking dismissal of the action with prejudice. Plaintiff appeals.

"CPLR 3404 dismissals are accomplished automatically upon the passage of one year after being stricken, by operation of law" (*Threatt v Seton Health Sys.*, 277 AD2d 796, 796 [2000]; *see Meade v Lama Agency*, 260 AD2d 979, 980-981 [1999]; *Lee v Chion*, 213 AD2d 602, 603 [1995]; *Homowack Realty Corp. v Gitlin*, 25 AD2d 703 [1966]). Thus, the court properly refused to vacate those parts of the prior order and judgment granting those parts of the motion of plaintiff seeking to substitute him as the plaintiff in the action for the sole purpose of making the motion and seeking a determination that the action has been deemed abandoned pursuant to CPLR 3404. To the extent that plaintiff sought dismissal of the action pursuant to CPLR 3404, the court properly refused to grant that relief as unnecessary (*see Neidereger v Hidden Park Apts.*, 306 AD2d 392 [2003]; *Sarot v Yusufov*, 301 AD2d 512, 513 [2003]; *Honeoye Falls-Lima Cent. School Dist. v Roth Corp.*, 53 AD2d 1044 [1976]; *Levine v Levy*, 29 AD2d 827 [1968]). We reject defendant's contention that the matter should be remitted to Supreme Court to determine whether the action should be restored to the calendar. "While the court retains discretion to [vacate the dismissal and] restore the case to the calendar . . . [defendant] never sought such relief" (*Meade*, 260 AD2d at 981). Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.