## (June 4, 1959)

■ Radar-Electronics, Inc., Respondent, v. Oscar Leventhal, Inc. et al., Appellants.

Appeal from an order of the Supreme Court, at Special Term, entered January 21, 1959, in New York County, which granted a motion by plaintiff for an order restoring the action to the General Jury Trial Calendar.

Memorandum by the Court. The order of Trial Term vacated a dismissal of a complaint pursuant to rule 302 of the Rules of Civil Practice, and restored the cause to the General Jury Calendar for a day certain. While the notice of motion was technically faulty in seeking specifically only a restoration to the calendar, when it should have asked to open the default, to vacate the dismissal and thereupon to restore the case to the trial calendar (see *Niewiadowski* v. *Kulp-Waco*, 279 App. Div. 974; *Klein* v. *Vernon Lbr. Corp.*, 269 App. Div. 71; *Siegel* v. *Addison*, 207 Misc. 1005), the Trial Term Justice properly treated the motion as one complying with the technical requirements under the general prayer of the notice of motion for other and further relief. Since there was a showing of a reasonable excuse for the default, and the affidavit of the plaintiff indicated a meritorious claim, the opening of the default and vacating the dismissal was a proper exercise of discretion. However, even though the point was raised for the first time in this court, the restoration of the cause to the General Jury Calendar may not stand. Under subdivision C of the New York County Special Rule Respecting Calendar Practice, no application to restore a case marked off may be heard unless it appears that the case qualifies for placement on the calendar under subdivision A — which requires the filing of a statement of readiness. Since the record does not show that plaintiff has qualified under subdivisions A and C of the Special Rules, the case should not have been restored to the calendar.

McNally, J. (dissenting). The order appealed from purports to vacate the dismissal of the action pursuant to rule 302 of the Rules of Civil Practice and to restore the cause to the General Jury Calendar for the date therein specified. This court in *Klein* v. *Vernon Lbr. Corp.* (269 App. Div. 71) made it unmistakably clear that a motion to restore to the trial calendar an action which had been dismissed under rule 302 of the Rules of Civil Practice will not lie until the moving party has relieved himself from default by appropriate application and order. (See, also, *Niewiadowski* v. *Kulp-Waco*, 279 App. Div. 974.) Respondent at the time of making his motion to restore the case to the calendar was in default and, consequently, the motion to restore was premature.

The order appealed from should be reversed, and the motion denied, without prejudice to the respondent to move to open its default to vacate the dismissal and thereupon to restore the case to the trial calendar, after compliance with the provisions of the New York County Special Rule Respecting Calendar Practice.

Breitel, J. P., M. M. Frank and Valente, JJ., concur in Memorandum by the Court; Rabin, J., concurs with McNally, J., who dissents in opinion.

Order modified in the exercise of discretion to the extent of striking the provisions which restore the case to the General Jury Calendar, without prejudice to an application for such restoration when there has been compliance with the Special Rules, and, as so modified, affirmed, without costs.