■ ARTHUR I. COLOMBIK, Respondent, v. MAX HEINRICH, Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, dated March 17, 1959, which granted his motion to dismiss the complaint for lack of prosecution, unless the cause was restored to the calendar and a note of issue together with a statement of readiness was filed for a specified term of the court. Order reversed, without costs, and motion denied, without costs, and without prejudice to a further motion at Special Term, as indicated herein. The case was marked off the calendar on October 2, 1957. Not having been restored within one year thereafter, it was automatically dismissed by operation of rule 302 of the Rules of Civil Practice (*Balaka* v. *Stork Restaurant,* 3 A D 2d 857; *Roe* v. *Kurkhill,* 6 A D 2d 716). Consequently, in January, 1959, when the motion was made to dismiss the plaintiff's complaint for failure to prosecute, there was no action pending, and the action could not be restored to the calendar until the dis-

missal of the complaint had been vacated (*Klein* v. *Vernon Lbr. Corp.*, 269 App. Div. 71; *Niewiadowski* v. *Kulp-Waco*, 279 App. Div. 974). The Special Term, in its discretion, had power to vacate the dismissal under rule 302 (*Schlesinger* v. *Spingler-Van Beuren Estates*, 269 App. Div. 950); but no motion for such relief was made by plaintiff, nor were any facts presented which would have justified such action. If so advised, plaintiff may move at Special Term to vacate the dismissal of his complaint and to restore the action to the calendar, on a proper showing of facts sufficient: (a) to excuse his default in restoring the action to the calendar and his delay in prosecution, and (b) to establish that he has a meritorious cause of action. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.