WILLIAM W. SMITH, Respondent, v. LEO DI CARA, Appellant.— In an action by a Federal employee against a Veterans' Administration physician to recover damages for an alleged libel and alleged breach of the physician's duty by releasing the alleged defamatory matter without plaintiff's permission, defendant appeals from an order of the Supreme Court, Nassau County, dated June 22, 1972, which denied his motion for summary judgment. Order reversed, on the law, with $20 costs and disbursements, and motion granted. Plaintiff's superior in the Post Office in which he was employed had directed plaintiff to submit to the physical examination which was made by defendant and the latter was required to make a written report of the examination. Defendant gave the report to the Acting Chief of Outpatient Services of the Veterans' Administration Hospital in which defendant was employed. The alleged defamatory matter was in the report. In our opinion, defendant's publication of the matter in question was absolutely privileged (*Barr* v. *Matteo*, 360 U. S. 564). Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

SYLVIA TALLER, Also Known as LUIDA TALLER, Plaintiff, v. HERMAN TALLER, Also Known as HERNAN TALLER, Appellant. ALFRED F. RITTER, Respondent.— In an action for separation, defendant appeals from an order of the Supreme Court, Kings County, dated October 4, 1972, which denied his motion for a protective order vacating plaintiff's notice to examine defendant before trial. Order reversed, with $20 costs and disbursements against respondent, and motion granted. There is no dispute that plaintiff and her attorneys failed to comply with the notice forwarded by the Clerk-in-Charge of the matrimonial part in January, 1970. Thus, pursuant to the notice, the complaint in the action, commenced in 1961, was automatically dismissed for want of prosecution on March 16, 1970 and the Clerk had the duty to make an appropriate entry without further order of the court (CPLR 3404; see *Wheelock* v. *Wheelock*, 4 N Y 2d 706; *Levine* v. *Levy*, 29 A D 2d 827). The case has never been restored. Under such circumstances, there being no pending action, respondent's notice to examine defendant as to his financial condition was without legal cognizance and defendant was entitled to an order of protection. Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.