opinion of the court
Frank Composto, J.
The records kept in the office of the calendar clerk of this court reveal that these consolidated actions were marked off the calendar on July 31, 1981. One year later, on August 2,1982, these actions were deemed abandoned and on that date they were dismissed pursuant to CPLR 3404.
CPLR 3404 provides as follows:
“R 3404. Dismissal of abandoned cases.
“A case in the supreme court or a county court marked ‘off’ or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order”.
*704 Referring to subdivision 2 of rule 302 of the Rules of Civil Practice, the former counterpart of CPLR 3404, the Appellate Division, Second Department, stated, in Sanick v Schauder (15 AD2d 801, 802), that the rule was “automatic and self-executing. If the Clerk fails to make an entry as to the dismissal, the action is nevertheless considered dismissed as of the proper date * * * Since the Clerk’s entry as to a dismissal pursuant to those rule's is merely a ministerial act, and since a dismissal becomes effective as of the proper date even if no entry be made by the Clerk, the error here as to the date of the dismissal will be disregarded (Civ. Prac. Act, § 105).”
It is clear that as of August 2, 1982, the instant consolidated actions stood dismissed.
There are two other facets to these actions that are clear. One is that no motion has ever been made to vacate the dismissal of these actions. The other is that these actions bore only calendar No. 64622 through the month of September, 1982.
On October 6, 1982, without making a motion to vacate the dismissal of plaintiff’s action, plaintiff’s attorney filed a new note of issue.
In filing the note of issue on October 6, 1982, plaintiff Chem Construction Corp. (Chem) was complying with a direction contained in an order of this court dated July 29, 1982 and entered August 3, 1982. The last paragraph of that order states, “The parties are directed to complete all disclosure by September 30, 1982. Plaintiff is further directed to place this matter on the calendar immediately thereafter.” When the plaintiff filed the new note of issue a new calendar number was assigned to the instant consolidated actions. That number is 74248. At the same time the new note of issue was filed, plaintiff made an application for a preference in trial pursuant to section 752.6 (a) of the Kings County Supreme Court Rules (22 NYCRR 752.6 [a]). The application for a preference was made under the new calendar number. This court has examined the papers submitted in support of the application for a preference. There is no indication in those papers that there was an earlier calendar number. A reference to the earlier number *705 would have alerted the court to the circumstance that these actions were deemed abandoned and dismissed on August 2,1982. There was no opposition to the application for a section 752.6 (a) preference (22 NYCRR 752.6 [a]) and the court, unaware that these actions had been dismissed two months earlier, granted the application. Shortly thereafter, three motions to vacate plaintiff’s note of issue and to strike these consolidated actions from the calendar were made. The motions were made by (1) the City of New York; (2) Shreve, Lamb & Harmon Associates, P. C., and (3) Economides & Goldberg, respectively, defendant, third-party defendant, and fourth-party defendant.
Each of the moving parties contends that the note of issue must be vacated as a direct consequence of the City of New York having filed a notice of appeal from the order of this court dated July 29, 1982. The order is referred to above. That is the order directing the parties to complete their disclosure by September 30, and directing plaintiff “to place this matter on the calendar immediatély thereafter.” Movants refer the court to CPLR 5519 (subd [a], par 1). Pursuant to that section “Service upon the adverse party of a notice of appeal * * * stays all proceedings to enforce the * * * order appealed from pending the appeal • * * * where: 1. the appellant * * * is the state or any political subdivision of the state”. On the basis of CPLR 5519 (subd [a], par. 1), argue the moving papers, once the city filed its notice of appeals on September 20, 1982 plaintiff Chem was stayed from filing the note of issue it filed on October 6, 1982. Ergo, argue the movants, that note of issue must be vacated and the consolidated actions struck from the calendar.
The court agrees that the note of issue must be vacated and the action struck from the calendar. The court’s determination of this issue is rooted in the circumstances that these actions, pursuant to CPLR 3404, were deemed abandoned and dismissed on August 2, 1982.
The significance of a CPLR 3404 dismissal has been discussed at length in many appellate decisions.
In Campbell v Puntoro (36 AD2d 568, 569), the court stated, “Since respondent has made no motion to vacate the automatic dismissal, no action is pending. No note of issue *706 can properly be filed restoring it to the Trial Calendar unless and until the CPLR 3404 dismissal is set aside.”
In Colombik v Heinrich (11 AD2d 1026, 1026-1027), the Appellate Division, Second Department, wrote, “The case was marked off the calendar on October 2, 1957. Not having been restored within one year thereafter, it was automatically dismissed by operation of rule 302 of the Rules of Civil Practice * * * Consequently, in January, 1959, when the motion was made to dismiss the plaintiff’s complaint for failure to prosecute, there was no action pending, and the action could not be restored to the calendar until the dismissal of the complaint had been vacated”.
For a later decision reiterating that there is no pending action if a case in which the complaint has been dismissed pursuant to CPLR 3404 has not been restored to the calendar, see Taller v Taller (42 AD2d 791).
The circumstances that this court, in its order dated July 29, 1982 directed plaintiff “to place this matter on the calendar immediately” after September 30, 1982 does not help the plaintiff. In Campbell v Puntoro (supra), plaintiff actually obtained an order placing the action back on the Trial Calendar before it was marked abandoned and dismissed but plaintiff failed to file the order with the county clerk until after the action was dismissed. The court held that plaintiff’s failure to file the order of restoration within one year of the action being marked “off” the Trial Calendar “resulted in the automatic dismissal of the action by operation of the provisions of CPLR 3404” (supra, p 569).
CONCLUSION
i
These actions were dismissed on August 2,1982. On and after that date these actions were no longer pending and plaintiff’s filing a new note of issue, obtaining a new calendar number and making an application for a section 752.6 (a) preference (22 NYCRR 752.6 [a]) did not revive the actions. The actions stand dismissed until the dismissal is vacated by proper motion.
ii
The motion made by the attorney for the City of New York for an order striking the note of issue filed October 6, *707 1982 by plaintiff Chem Construction Corp. is granted. The note of issue filed October 6, 1982 is vacated.
in
The motion made by the attorneys for Shreve, Lamb & Harmon Associates, P. C., for an order striking the note of issue filed October 6, 1982 by plaintiff Chem Construction Corp., or for other relief in the alternative, is granted to the extent that the note of issue filed October 6, 1982 is vacated.
IV
The motion made by the attorneys for Economides & Goldberg for an order striking the note of issue filed October 6, 1982 by plaintiff Chem Construction Corp., or for other relief in the alternative, is granted to the extent that the note of issue filed October 6, 1982 is vacated.
v
The actions are struck from the calendar.