■ BEN GOLDIN, INC., Respondent, v ARTHUR C. ENGLISH et al., Defendants, and ETHEL ENGLISH, Appellant. — In an action to set aside a fraudulent conveyance, defendant Ethel English appeals from an order of the Supreme Court, Nassau County (Kelly, J.), entered June 23, 1983, granting plaintiff's motion, made pursuant to 22 NYCRR 785.2, for an order restoring the action to the Trial Calendar.

Order affirmed, with costs.

The severed action as against defendant Ethel English was dismissed pursuant to 22 NYCRR 785.2 (e) and (f) by order of the Supreme Court, Nassau County, on May 11, 1982. Generally, an action which has been dismissed may not be restored to the Trial Calendar until the dismissal of the action has been vacated (see *Colombik v Heinrich,* 11 AD2d 1026; *Klein v Vernon Lbr. Corp.,* 269 App Div 71; *Niewiadowski v Kulp-Waco,* 279 App Div 974). However, in the interest of expediency and to forestall further prolongation of the action, the motion to restore may be properly treated as complying with the technical requirements under the general prayer in the notice of motion for other and further

relief (see *Radar-Electronics v Oscar Leventhal, Inc.,* 8 AD2d 778; *Levine v Levy,* 29 AD2d 827). Under these circumstances, it was proper for Special Term to grant the motion to restore when it otherwise had been shown that it was proper to vacate the dismissal, that the action had merit, that delays were, to some extent, excusable, and that such delays had not, in any event, prejudiced appellant (see *Zaldua v Metropolitan Suburban Bus Auth.,* 97 AD2d 842; *Boyle v Krebs & Schulz Motors,* 18 AD2d 1010). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.