■ PETER GUENTHER et al., Individually and as Parents of CRAIG GUENTHER, Appellants, v WILSON MEMORIAL HOSPITAL et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Zeller, J.), entered August 3, 1982 in Broome County, which granted defendant physicians' motion, pursuant to CPLR 3216, to dismiss the complaint, as against them, for failure to prosecute, and (2) from an order of said court, entered August 3, 1982 in Broome County, which granted plaintiffs' motion for reargument and then adhered to its original order. In this medical malpractice action, plaintiffs seek to recover money damages from defendant Wilson Memorial Hospital and four physicians. The action was commenced against the physicians in November, 1974 and in March, 1980 a notice to serve and file a note of issue pursuant to CPLR 3216 was served by the physicians. A note of issue was not filed until February 23, 1982. In March, 1982, defendant physicians moved to dismiss for want of prosecution. This motion was granted and the complaint as against the

physicians was dismissed by order dated May 19, 1982 and filed August 3, 1982. Thereafter, Special Term granted plaintiffs' motion to reargue and then adhered to its earlier order by an order dated July 30, 1982 and entered August 3, 1982. These appeals from both orders ensued. In order to avoid dismissal, it was necessary for plaintiffs to demonstrate a meritorious cause of action and a justifiable excuse for the failure to comply with the demand to file and serve the note of issue (*Berzinski v Ness*, 86 AD2d 927; *Caton v Redmond*, 82 AD2d 937, app dsmd 56 NY2d 648). Plaintiffs have offered the excuse of continuing settlement negotiations. While continuing settlement negotiations may constitute a justifiable excuse, such excuse "ceases to have effect within a brief interval after the last communication" (*Sortino v Fisher*, 20 AD2d 25, 29). Concededly, plaintiffs' attorney admitted that his last contact with the physicians' insurance carrier concerning a settlement prior to filing the note of issue occurred on October 12, 1981, some four months before the note of issue was filed. Although it is argued by plaintiffs that their attorney was still negotiating with the hospital's attorney in December, 1981, such negotiations would not affect the computation of time involved following the physicians' service of the notice to serve and file a note of issue. From our review of the record, we are of the opinion that in view of the long delay following plaintiffs' attorney's last contact with the physicians' insurance carrier regarding settlement negotiations, plaintiffs' excuse of continuing settlement negotiations is unavailing and the complaint as against the physicians was properly dismissed. Accordingly, the orders must be affirmed. Orders affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.