■ M.J. WILLIAMS CORP., Plaintiff, v ROMA FRAGRANCES AND COSMETICS, LTD., et al., Defendants. EVE OF ROMA CORP. et al., Appellants, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 17, 1989, which, *inter alia,* granted the cross motion of defendant and cross-defendant Equitable Life Assurance Society to dismiss the complaint of cross-plaintiffs, pursuant to CPLR 3404, and which denied the cross motion of the cross-plaintiffs to restore cross-plaintiffs' complaint to the Trial Calendar, unanimously affirmed, without costs.

CPLR 3404 provides that a case marked "off" or struck from the calendar shall be automatically dismissed, as abandoned, for neglect to prosecute. The IAS court found it "clear" from the "court records" that the entire action was marked off the Trial Calendar on July 2, 1986. We find no evidence in the record to support cross-plaintiffs' claim that the "marking off" was on consent or with any conditions attached. While it is

arguable that the action was not marked off the Trial Calendar due to cross-plaintiffs' default or neglect, CPLR 3404 nonetheless requires restoration of the case to the court calendar within one year to avoid the presumption of abandonment *(see, e.g., Hillegass v Duffy,* 148 AD2d 677).

Cross-plaintiffs here undertook no action to restore this matter to Trial Calendar for 33 months until the cross motion to formally dismiss the case was made. Moreover, during the interim period, while the action was marked "off", there was no activity by the parties which would negate the presumption of intent to abandon *(see, Marco v Sachs,* 10 NY2d 542, 550; *Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, 722). Indeed, there appear to have been several occasions, such as the dissolution of cross-plaintiffs' counsels' law firm and the death of cross-plaintiffs' corporate president, when it would have been logical for counsel to contact the cross-defendants regarding this action. However, nothing was done.

Additionally, cross-plaintiffs have not sustained their burden of demonstrating merit to the action. Cross-plaintiffs' cross-moving papers are insufficient in that they fail to include an affidavit of merit by a person who would be competent to attest to evidentiary facts at a trial. *(See, Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d, *supra,* at 722.)

Based upon the entire record, we conclude that the trial court properly exercised its discretion in dismissing the action, as abandoned, pursuant to CPLR 3404. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.