■ JAMES P. O'BOYE et al., Respondents, v CONSOLIDATED EDISON OF N. Y. et al., Appellants. (And Two Third-Party Actions.)—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 6, 1989, which granted plaintiffs' motion pursuant to CPLR 3404 to vacate an order of dismissal and to restore the case to the calendar, unanimously affirmed, without costs.

Plaintiff James P. O'Boye was allegedly permanently injured in an airlock chamber while working at a nuclear power station, and his wife, who sues derivatively, commenced this action against the various defendants in July 1983. After extensive discovery, plaintiffs were permitted to file a note of issue in June 1987, with the understanding that discovery would be completed by October 1, 1987. However, on September 1, 1987, defendant Westinghouse started a third-party action against second third-party defendant United Engineers and Constructors, Inc., and additional discovery was permitted. After plaintiffs' counsel failed to attend several conferences before the IAS court, the court struck the case from the calendar in September 1988. Over one year later, a certificate noting the dismissal of the case was filed pursuant to CPLR 3404.

On January 8, 1990, plaintiffs' counsel moved to have the dismissal vacated and to have the case restored to the calendar. The IAS court ultimately granted plaintiffs' motion and assessed a $1,000 sanction against plaintiffs' counsel.

The IAS court's order vacating the dismissal and restoring the case to the Trial Calendar was not an abuse of discretion. The record demonstrates that plaintiffs have a meritorious cause of action, and that they never intended to abandon their case *(see, Palmieri v Romat Realty Corp.,* 45 AD2d 948). In fact, the parties continued with discovery and had a medical examination of plaintiff after the case was marked off calendar. We find the personal problems suffered by plaintiffs' counsel sufficient explanation for the default. Under these circumstances, and since there has been no adequate showing of prejudice, dismissal of the complaint is unwarranted *(see, Chin v Ying Ping Fung,* 126 AD2d 415; *Marco v Sachs,* 10 NY2d 542). Concur—Ross, J. P., Carro, Milonas, Rosenberger and Asch, JJ.