■ MANUEL MOYE et al., Individually and as Administrators of the Estate of MANUEL MOYE, JR., Deceased, Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered January 31, 1990, which, *inter alia,* denied plaintiffs' motion to vacate a default and restore this action to the Trial Calendar, is unanimously affirmed, without costs.

Plaintiffs sought damages from defendant for the wrongful death of their son who committed suicide on Rikers Island in 1982. The action was commenced in May 1983. The action was marked off calendar on March 20, 1987, for plaintiffs' failure to attend a pretrial conference. Plaintiffs' counsel claimed that he had hired a calendar checking service and regularly read the New York Law Journal, but only learned that the case had been marked off in November 1989, at which time the motion was brought to vacate the default.

Cases which are not diligently pursued will be dismissed automatically one year after stricken from the calendar (CPLR 3404; *Rosser v Scacalossi,* 140 AD2d 318). The presump-

tion that an action so dismissed has been abandoned is rebuttable, and the action may be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party, and a lack of intent to abandon the action *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, *appeal dismissed* 69 NY2d 874).

Plaintiffs did not satisfy all these criteria. The attorney's affirmation accompanied by copies of the pleadings was insufficient to demonstrate a meritorious cause of action; the suicide report annexed to the papers implies neither negligence nor causation *(see, e.g., Bergan v Home for Incurables,* 124 AD2d 517). Nor did counsel present a sufficient explanation to excuse the three-year delay in moving to restore the action. Finally, the plaintiffs did not demonstrate that defendant has not been prejudiced by the delay. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.