■ ANGEL PEREZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on September 19, 1991, which granted defendant's motion to strike the complaint unless plaintiff supplies certain medical authorizations and appears for his deposition within 45 days of service of its order with notice of entry, is unanimously modified on the law to the extent that the motion to dismiss the complaint pursuant to CPLR 3404 is granted unconditionally, without costs or disbursements.

Plaintiff Angel Perez commenced this action for personal injuries allegedly sustained when he tripped and fell on the stairs of a project owned and operated by defendant New York City Housing Authority (NYCHA). The summons and complaint were served on or about October 17, 1986, and issue was thereafter joined on or about January 6, 1987. Three years later, discovery still remained incomplete since, among other things, plaintiff had not yet appeared for deposition and important authorizations had not been exchanged. Nonetheless, plaintiff served a note of issue and certificate of readiness in January of 1990, claiming that all disclosure had been accomplished. Defendant moved to vacate the note of issue and strike the case from the trial calendar on the ground that pre-trial preliminary proceedings had not been completed. In an order entered on March 27, 1990, the Supreme Court granted the motion and struck the matter from the trial calendar; it also directed plaintiff to furnish certain authorizations, make himself available for examinations before trial and file a note of issue by December 20, 1990. However, plaintiff failed to comply with the court's order, and in June of 1991, NYCHA moved to dismiss the complaint pursuant to

CPLR 3404, which provides that: "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

In opposition, plaintiff's counsel argued that "defendant ignores the fact that they *[sic]* too have failed to adhere to the directives of the Court inasmuch as they *[sic]* failed to appear for the Court Ordered depositions. The Order succinctly states that all parties were required to appear for depositions. The plaintiff stands ready to appear for depositions." He also asserted without elaboration that "[t]his action has merit inasmuch as the defendant failed to improperly *[sic]* maintain their *[sic]* premises and the plaintiff was injured as a result thereof. The Court has the discretion to allow the plaintiff to restore the action to the trial calendar even after the 'one year' has expired." The court subsequently issued an order striking the complaint unless plaintiff supplied the subject medical authorizations and appeared for his deposition within 45 days of service of its order with notice of entry. According to the court, CPLR 3404 merely "creates a rebuttable presumption that an action has been abandoned when it has not been restored to the calendar within one year of being marked off." The court, however, should have granted defendant's motion to dismiss unconditionally.

At the outset, it should be noted that if plaintiff desires to have the case restored to the calendar, it is his responsibility to move to vacate the "automatic" dismissal authorized by CPLR 3404 *(Rodriguez v Middle Atl. Auto Leasing,* 122 AD2d 720, *appeal dismissed* 69 NY2d 874). Here, plaintiff made no effort whatever to restore the matter, and, in response to defendant's motion to dismiss the complaint, he did not "meet the criteria normally associated with a motion to open a default, i.e., a meritorious cause of action, a reasonable excuse for the delay, and lack of prejudice to the opposing party * * * In addition, he must demonstrate a lack of intent to abandon the action" *(Rodriguez v Middle Atl. Auto Leasing, supra,* at 722; *see also, Moye v City of New York,* 168 AD2d 342, *lv dismissed* 77 NY2d 940). Indeed, plaintiff did not satisfy even one of the four requirements. In that regard, he failed to submit an affidavit of merit from a person with knowledge of the underlying incident but merely offered a conclusory attorney's affirmation, and this is simply insuffi-

cient to justify restoration *(Moye v City of New York, supra; Williams Corp. v Roma Fragrances & Cosmetics,* 166 AD2d 327; *see also, Vermette v Kenworth Truck Co.,* 68 NY2d 714). Plaintiff has also offered no excuse for his delay in taking any action to prosecute the case, nor has he met his burden of establishing that defendant has not been prejudiced by the lapse in time. Similarly, he has not overcome the presumption of abandonment. At most, what appears to have occurred in the instant situation is the occasional scheduling and adjourning of depositions, and this is scarcely the sort of activity that would serve to rebut the presumption of intent to abandon *(see, Williams Corp. v Roma Fragrances & Cosmetics, supra).* Consequently, defendant is entitled to have the action dismissed as abandoned under CPLR 3404. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Smith, JJ.