■ HOLLY C. BRADY et al., Infants, by FRANK J. BRADY, Their Father and Natural Guardian, et al., Respondents, v MASTRIANNI, ABBUHL & MURPHY, M.D.'s, P. C., et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court (Kahn, J.), entered March 31, 1992 in Albany County, which denied certain defendants' motion to dismiss the complaint against them for want of prosecution.

Alleging that they sustained personal injuries and derivative loss as a result of the alleged malpractice and negligence in the administration of certain immunizations, plaintiffs

commenced separate actions against, among others, defendants Mastrianni, Abbuhl & Murphy, M.D.'s, P. C., Joan Hensel and Annlee Murphy (hereinafter collectively referred to as defendants) in 1982 and 1983. The actions were ultimately consolidated and, on January 30, 1991, defendants served on plaintiffs a 90-day demand for filing a note of issue *(see,* CPLR 3216). In April 1991, defendants' counsel agreed to a 60-day extension of the demand due to a request by plaintiffs' counsel for additional time to complete depositions of defendants. The depositions were never rescheduled. On August 13, 1991, defendants moved to dismiss the complaint against them for plaintiffs' failure to prosecute. Supreme Court denied the motion, determining that defendants had contributed to the delay and plaintiffs were therefore not required to submit an affidavit of merits.

To avoid dismissal of the complaint for failure to prosecute under CPLR 3216, plaintiffs must demonstrate a justifiable excuse for the delay in filing a note of issue and establish that their claim has legal merit *(see, Mosberg v Elahi,* 176 AD2d 710, 711; *Matter of Slocum v Board of Educ.,* 124 AD2d 269, 270). While it is unclear from Supreme Court's decision what delay it attributed to defendants, in their opposition papers plaintiffs attempt to excuse their own delay by contending that there were ongoing settlement negotiations. First, the record indicates that plaintiffs' attorney did not directly initiate any negotiations with defendants' attorney but, rather, with an attorney for one of the codefendants. While plaintiffs' attorney states that he believed that defendants were involved in these negotiations, there is nothing specific in this record to substantiate this belief. Unlike the plaintiffs in *Schoenhals v Kissing Bridge Corp.* (96 AD2d 711), relied upon by Supreme Court, who could not file a note of issue because of the defendants' refusal to answer interrogatories, plaintiffs here point to no affirmative conduct on the part of defendants which caused or contributed to their delay *(see, Tierney v OB-GYN Assocs.,* 186 AD2d 926).

In any event, settlement negotiations can only offer a justifiable excuse for delay for a " 'brief interval after the last communication' " *(Guenther v Wilson Mem. Hosp.,* 93 AD2d 957, 958, *lv denied* 60 NY2d 553, quoting *Sortino v Fisher,* 20 AD2d 25, 29). The record indicates that the last communication regarding settlement negotiations occurred four months before the instant motion was made, in April 1991. In fact, defendants did not hear from plaintiffs at all from the time they asked for the extension until after service of the instant

motion. Under the circumstances presented here, including the fact that it has been at least eight years since the joinder of issue, we find that plaintiffs have failed to establish a justifiable excuse for their delay *(see, Guenther v Wilson Mem. Hosp., supra; Berna v Monroe Community Coll.,* 91 AD2d 1199).

Plaintiffs have also failed to submit an affidavit establishing that their claim has legal merit *(see, Sortino v Fisher, supra,* at 31-32). Here, plaintiffs submitted an affidavit by their attorney, an affidavit by plaintiff Frank Brady and a letter by a physician. Significantly, the physician's letter fails to establish that plaintiffs' claim is meritorious *(see, Perez v Long Is. Jewish-Hillside Med. Ctr.,* 173 AD2d 530; *see also, Franck v CNY Anesthesia Group,* 175 AD2d 605). Consequently, defendants' motion should have been granted and the complaint dismissed against them *(see, Carmen v West Hudson Hosp.,* 129 AD2d 868; *Reed v Friedman,* 117 AD2d 661).

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendants Mastrianni, Abbuhl & Murphy, M.D.'s, P. C., Joan Hensel and Annlee Murphy.