■ Everett J. Krantz et al., Respondents, v Evi Scholtz et al., Defendants, and Albert Mendel & Sons, Inc., et al., Appellants. [607 NYS2d 183] —Mikoll, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered March 12, 1993 in Sullivan County, which granted plaintiffs' motion to vacate a judgment entered against them.

Plaintiffs commenced an action in January 1981 to recover damages against defendants for the sale of allegedly diseased cattle to plaintiffs. Plaintiffs served a second complaint in November 1981. Separate motions to dismiss the first complaint and portions of the second complaint were denied by Supreme Court in January 1982. This Court reversed and dismissed the first complaint as untimely (89 AD2d 762, affd 60 NY2d 667); however, the second complaint remained viable. Further proceedings were had, including some discovery, and a motion by defendant for summary judgment was denied. In early December 1989, certain defendants appealed the denial of the summary judgment motion and Supreme Court removed this case from the calendar. In February 1991 the appeals were deemed abandoned and dismissed by this Court. Supreme Court apparently indicated at a December 9, 1991 conference that plaintiffs' lawsuit had been dismissed and suggested that a motion be made by plaintiff to vacate the dismissal. Defendants presented plaintiffs with an offer to settle in the fall of 1989. However, it is unclear whether the offer was withdrawn at the December 9, 1991 conference. Plaintiffs' counsel, by letter dated September 1, 1992, requested a conference with defendants. A judgment deeming plaintiffs' lawsuit abandoned was entered September 3, 1992 in favor of defendants. Plaintiffs then moved to vacate the judgment and Supreme Court granted the motion. Defendants

Kent T. Kay, Albert Mendel & Sons, Inc. and Ernest Mendel (hereinafter collectively referred to as defendants) appeal.

Defendants' contention that Supreme Court improperly vacated the judgment dismissing plaintiffs' lawsuit as abandoned because three years expired after the automatic dismissal of the action and the date plaintiffs filed their motion to vacate the judgment of dismissal is well taken. The motion to vacate the dismissal of an action pursuant to CPLR 3404 and restore the action to the calendar is addressed to the sound discretion of the trial court (Greco v Aetna Life Ins. Co., 180 AD2d 664; O'Boye v Consolidated Edison, 168 AD2d 219). Four factors must be proved to exist to warrant vacatur of a judgment of dismissal and restoration of a case deemed abandoned to the trial calendar under CPLR 3404. A plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the defendant if the action is restored to the calendar, and (4) no intent to abandon the action (see, Knight v City of New York, 193 AD2d 720, 721; Todd Co. v Birnbaum, 182 AD2d 505; Perez v New York City Hous. Auth., 182 AD2d 416). Plaintiffs satisfied three of the above four requirements but failed to demonstrate by affirmative proof that defendants would suffer no prejudice if the action was restored to the trial calendar (see, Resto v Kohen, 124 AD2d 722; Merrill v Robinson, 99 AD2d 578). The events giving rise to this litigation allegedly occurred in 1977 through 1979. The initial summons with notice was served in May 1980. The second summons and complaint was served in November 1981. Memories of witnesses fade with the substantial passage of time and may not be reliable (see, Gray v Sandoz Pharms., 158 AD2d 583, 583-584, lv dismissed 75 NY2d 1005; Rodriguez v Middle Atl. Auto Leasing, 122 AD2d 720, 722-723, appeal dismissed 69 NY2d 874). Plaintiffs have failed to meet their affirmative obligation to explain how defendants would not be prejudiced by the passage of time if the action were restored (see, supra; see also, Resto v Kohen, supra).

We find it unnecessary to reach defendants' argument for reversal for failure to prosecute based on an alleged pattern of delay.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.