■ JAMES BUCK, Individually and as Administrator of the Estate of MILDRED BUCK, Deceased, Appellant, v C. THOMAS REED, Doing Business as TOM'S DINER, et al., Respondents. (And Two Third-Party Actions.) [647 NYS2d 581] —Casey, J. Appeal from an order of the Supreme Court (Coutant, J.), entered September 19, 1995 in Chenango County, which denied plaintiff's motion to restore the action to the court calendar.

In April 1988, plaintiff's decedent was severely burned when a butane lighter exploded in her hand. She died shortly thereafter from related complications. In December 1988, plaintiff retained the services of attorney James Taylor who commenced the instant action against defendant C. Thomas Reed, owner of Tom's Diner where plaintiff had purchased the lighter, and against defendant Rosen Enterprises, Inc. (hereinafter Rosen), the business that had sold the lighter to Reed. Reed and Rosen

each commenced third-party actions against the manufacturer and distributor of the lighter.

In August 1990, after issue had been joined, Taylor transferred the case to the law firm of Greene & Reid to conduct pretrial discovery and serve as trial counsel. Taylor, however, remained plaintiff's attorney of record. Plaintiff was the only witness ever deposed by either side. In January 1992, Supreme Court notified Taylor by letter that as plaintiff's attorney of record, he was obliged to file a note of issue or risk having the case stricken from the court's calendar. In March 1992, having received no response, Supreme Court notified Taylor that the case was deemed abandoned and had been stricken from the court's calendar. It was not until October 1994 that the remaining attorneys involved herein learned that the case had been dismissed. In June 1995, Taylor made the instant motion to restore plaintiff's case to Supreme Court's calendar. The motion was denied. Plaintiff appeals.

A trial court has the discretionary authority to restore a case to its calendar so long as the moving party has demonstrated that (1) the case has merit, (2) there was no intent to abandon the action, (3) there is a reasonable excuse for the delay, and (4) no prejudice will result to the opposing parties (see, Krantz v Scholtz, 201 AD2d 784, 785, lv dismissed 83 NY2d 902). We find that plaintiff has failed to make the requisite showings. To demonstrate the validity of his case, plaintiff has submitted only the affidavit of a mechanical engineer who opines in conclusory fashion that the lighter had "manufacturing defects" in its "fuel metering subassembly". Plaintiff's expert does not, however, state how this condition was the proximate cause of decedent's injuries nor does he support his opinion with any evidence in the record. We conclude that this was insufficient to establish a meritorious cause of action (see, Maida v Rite Aid Corp., 210 AD2d 589; Elliot v Nyack Hosp., 204 AD2d 958).

We further find that the absence of any action on the part of plaintiff's counsel of record for more than three years after the case was stricken from the court calendar evidenced an abandonment of the case. Taylor's statement that his inaction was due to the transfer of the case to Greene & Reid as trial counsel is insufficient to excuse his neglect thereof, given that Taylor remained plaintiff's counsel of record to whom Supreme Court addressed warning letters which were apparently either ignored or misplaced (see, Burlew-Watkins v Wood, 225 AD2d 973, 974). Such inattention was not "an 'isolated, inadvertant mistake' meriting indulgence" (supra, at 974, quoting Chery v

*Anthony*, 156 AD2d 414, 417) but was instead consistent with counsel's pattern of inattention to the progress of plaintiff's case (*see*, *Lauro v Cronin*, 184 AD2d 837, 839).

Finally, there has been no showing that defendants will not be prejudiced by the delay. Lack of prejudice cannot be assumed in cases where an extended period of time has passed (*see*, *Jeffs v Janessa, Inc.*, 226 AD2d 504). We conclude that Supreme Court's denial of plaintiff's motion to restore this case to the court calendar does not constitute an abuse of the court's discretion.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.