LILLIAN R. FULLER, Respondent, v ROLM TELECOMMUNICATIONS Co., INC., et al., Appellants. (And Third-Party

Titles.) [680 NYS2d 647] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Golar, J.), entered September 23, 1997, as denied their cross motion to dismiss the action pursuant to CPLR 3216.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff served and filed her note of issue in January 1996. In March 1996 the court granted the appellants' motion to strike the note of issue and mark the case off the calendar. In February 1997 the plaintiff moved to restore the case to the calendar, and the appellants cross-moved to dismiss the action pursuant to CPLR 3216 for want of prosecution. The court denied the cross motion to dismiss, in part upon the appellants' failure to serve a 90-day demand upon the plaintiff (*see,* CPLR 3216).

The service of a 90-day demand is not a condition precedent to a motion to dismiss for neglect to prosecute based solely on delays in the prosecution of an action that occur after the action has been placed on the trial calendar (*see,* CPLR 3216 [d]; *Tleige v Troy Pediatrics,* 237 AD2d 772; *Hillegass v Duffy,* 148 AD2d 677; *Wainwright v Lively & Co.,* 99 AD2d 490). Accordingly, the appellants' cross motion should not have been denied on the ground that they failed to serve a written 90-day demand upon the plaintiff under CPLR 3216 (b).

However, it does not appear that the plaintiff "unreasonably neglect[ed] to proceed generally in the action" or was solely responsible for the delay in prosecution (CPLR 3216). The plaintiff pointed to "affirmative conduct on the part of [the appellants] which caused or contributed to the delay" (*Brady v Mastrianni, Abbuhl & Murphy,* 187 AD2d 858, 859). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the cross motion to dismiss (*see generally, Baczkowski v Collins Constr. Co.,* 89 NY2d 499).

The appellants' remaining contentions are without merit. Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.