■ ANDREW MEADE, Appellant, v L.A. LAMA AGENCY, INC., et al., Respondents. [689 NYS2d 302] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered January 8, 1998 in Tompkins County, which denied plaintiff's motion to vacate a prior order of the court dismissing the complaint for failure to prosecute.

Plaintiff commenced this negligence action in 1990 seeking damages in consequence of the cancellation of a fire insurance policy covering premises which were subsequently destroyed by fire. In March 1994, plaintiff filed a note of issue and certificate of readiness for trial. Several pretrial conferences ensued, where unresolved discovery issues were identified and questions raised as to plaintiff's theory of liability and calculation of damages. Supreme Court's consistent efforts and extensions of time to secure plaintiff's resolution of these issues were unproductive. On April 17, 1995, the court notified the parties in writing that plaintiff's trial note of issue was stricken for failure to comply with discovery requirements. There was no activity in the case for the next two years.

Notwithstanding the fact that Supreme Court's order striking the trial note of issue was issued pursuant to CPLR 3404, such that absent a motion to restore within one year the action would be deemed abandoned and dismissed, the Court Clerk continued to list the action as pending. As Supreme Court observed in the decision under review, "in retrospect, we should have directed the Court Clerk to make an entry in the record that the case had been deemed abandoned and dismissed, [but] we opted to issue a 90-day 'demand', pursuant to CPLR 3216". The court sent counsel a certified letter dated June 10, 1997, advising that unless a new note of issue and certificate of readiness for trial were filed promptly, the matter would be dismissed on September 12, 1997. The letter further directed that motions for alternative relief, if any, be made before that date and exhorted counsel, in the event the case was still active, to contact the court to schedule a conference without further delay.

By letter dated June 17, 1997, counsel for the corporate defendant replied to Supreme Court, expressing his belief that the matter had been earlier deemed abandoned and dismissed pursuant to CPLR 3404. No communication of any type issued from counsel for plaintiff to the court or other counsel prior to September 12, 1997, and on that date the court dismissed the action as abandoned. On September 16, 1997, counsel for plaintiff moved to vacate the court's order of dismissal and for permission to file a late note of issue. Supreme Court denied the motion and plaintiff appeals.

Entirely unpersuaded by plaintiff's claims that Supreme Court erred in denying his motion to vacate, we affirm. A case stricken from the trial calendar and not restored within one year is deemed abandoned and dismissed pursuant to CPLR 3404. The dismissal is self-executing, and requires no further

ministerial action (see, Leone v Bates Plan-A-Home, 144 AD2d 759; Curtin v Grand Union Co., 124 AD2d 918; 3 Park Ave. Co. v New York City Educ. Constr. Fund, 109 AD2d 656, appeal dismissed 65 NY2d 785; Merrill v Robinson, 99 AD2d 578). While the court retains discretion to restore the case to the calendar where a plaintiff demonstrates a sufficient excuse for the delay, lack of intent to abandon the case, a meritorious claim and absence of prejudice to the defendant (see, id.; see also, Krantz v Scholtz, 201 AD2d 784, lv dismissed 83 NY2d 902), plaintiff never sought such relief.

Nonetheless, Supreme Court gratuitously extended plaintiff an additional 90-day period within which to resume prosecution of his claim, conditioned only upon the filing of a new note of issue and certificate of trial readiness, or a motion for alternative relief. Plaintiff failed to respond or otherwise communicate with the court in any fashion before the 90-day period expired. "If plaintiff unjustifiably fails to comply with the 90-day requirement, knowing full well that the action can be saved simply by filing a note of issue but is subject to dismissal otherwise, the culpability for the resulting dismissal is squarely placed at the door of plaintiff or plaintiff's counsel" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 504-505).

In denying plaintiff's motion to vacate the dismissal, Supreme Court cited plaintiff's history of recalcitrance in complying with discovery directives and addressing substantive issues relating to liability and damages, the 2½-year period of inactivity following the striking of his trial note of issue, and his failure to contact the court during the 90-day period prior to September 12, 1997. Moreover, the court noted that even in the materials submitted with his motion to vacate the dismissal, plaintiff failed to substantively respond to the court's long-standing request for specific liability and damage information deemed necessary to enable defendants to defend the claim. We agree that these circumstances lead to the inexorable conclusion that plaintiff's actions evinced an intent to abandon prosecution of his claim, and we are satisfied upon our own review of the record that Supreme Court did not abuse its discretion in denying plaintiff's motion to vacate.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.