■ In the Matter of STATE OF NEW YORK, Respondent, v TOWN OF CLIFTON, Appellant. [712 NYS2d 652] —Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 3, 1999 in St. Lawrence County, which, in a proceeding pursuant to RPTL article 7, *inter alia*, denied respondent's motion to dismiss the petition for want of prosecution.

On July 28, 1989, petitioner commenced this proceeding to review the tax assessment of its property located in the Town of Clifton, St. Lawrence County. On July 26, 1993, petitioner filed a trial note of issue. Supreme Court granted extensions of the parties' time to exchange appraisals and adjournments of the trial until November 22, 1994, when Supreme Court *sua sponte* issued an order striking the proceeding from the trial calendar.

On May 5, 1998, almost 3½ years after the note of issue was stricken and almost nine years after the proceeding had been commenced, Supreme Court wrote a letter informing the parties that the proceeding would be deemed abandoned unless they advised the court of the status of the proceeding within 20 days. Petitioner responded with a letter, dated May 14, 1998, stating that settlement discussions were occurring and that a note of issue would be filed if settlement was not reached within the next few months. Although settlement negotiations ceased in June 1998, petitioner did not file a note of issue. Finally, in December 1998, respondent moved for dismissal pursuant to RPTL 718 and CPLR 3216 on the grounds that petitioner failed to refile its trial note of issue within four years after the proceeding's removal from the calendar and had un-

duly delayed prosecution of the proceeding. Petitioner, in turn, cross-moved to restore the proceeding to the trial calendar based on the parties' settlement negotiations, citing a specific settlement meeting held on September 22, 1997 resulting in negotiations which came to a halt in June 1998. Supreme Court denied respondent's motion and granted petitioner's cross motion. Respondent now appeals.

Initially, we find no error in Supreme Court's determination that RPTL 718 is inapplicable to this proceeding. Petitioner filed a note of issue within (although just barely) four years after the date of service of the petition and notice pursuant to that section.[1] The language and legislative history of the statute implies no additional requirement to refile the note of issue within four years after the proceeding was stricken from the trial calendar (see generally, Matter of La Farge v Town of Mamakating, 94 NY2d 802, 804).

However, Supreme Court erred in its second determination that respondent's motion based upon CPLR 3216 was deficient because respondent failed to serve a written demand requiring petitioner to resume prosecution and file a note of issue within 90 days. A 90-day demand is not a condition precedent to dismissal once a note of issue is filed (see, Fuller v Rolm Telecommunications Co., 255 AD2d 485, 486; Tleige v Troy Pediatrics, 237 AD2d 772, 774; Hillegass v Duffy, 148 AD2d 677, 679; Travelers Indem. Co. v Central Trust Co., 49 AD2d 1024, 1025, appeal dismissed 38 NY2d 895). This is true even where, as here, the case has been struck from the trial calendar (see, Fuller v Rolm Telecommunications Co., supra, at 486; Hillegass v Duffy, supra, at 679; Travelers Indem. Co. v Central Trust Co., supra, at 1025).

As respondent did not need to serve a 90-day demand, petitioner was required to "demonstrate a justifiable excuse for the delay * * * and establish that [its] claim has legal merit" (Brady v Mastrianni, Abbuhl & Murphy, 187 AD2d 858, 859). Petitioner offered its attorney's affirmation that there were ongoing negotiations which began in September 1997 and continued until June 1998. Even if this were an acceptable excuse for this time period, it would not explain the earlier period of inactivity from the filing of the appraisals in 1995 to September 1997 or the later delay from June 1998 to December 1998 when respondent moved for dismissal. Settlement negotiations may justifiably excuse only a brief delay after the last

---

1. As this proceeding was commenced before January 1, 1996, the RPTL former 718 governs. The present version of RPTL 718 measures the four-year period from the date of the commencement of the proceeding.

communication and they do not excuse the most recent six-month delay here (*see, id.,* at 859; *see also, Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503).

Moreover, it is undisputed that this action was struck from the trial calendar in November 1994 and not restored within one year thereafter. In such circumstances, an action is deemed abandoned and dismissed pursuant to CPLR 3404, and the dismissal is self-executing and requires no further ministerial action (*see, Meade v Lama Agency,* 260 AD2d 979, 980-981). As a result, the action here was dismissed in November 1995. In light of this, Supreme Court should have treated petitioner's cross motion to restore as a motion to vacate the automatic dismissal (*see, Morgano v Man-Dell Food Stores,* 259 AD2d 679, 680; *Hillegass v Duffy,* 148 AD2d 677, 679, *supra*). Upon treating it as such, we find that the cross motion must be denied.

To vacate a dismissal pursuant to CPLR 3404, petitioner must establish the merits of its claim, a reasonable excuse for the delay, the absence of an intent to abandon the matter and the lack of prejudice to the respondent if the case were restored to the calendar (*see, Meade v Lama Agency, supra,* at 981). Even if petitioner's allegation of settlement negotiations were an acceptable excuse for the delay from 1995 through 1998, the affirmation of petitioner's attorney fails to address the remaining factors required to permit an exercise of discretion here.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, respondent's motion dismissed, as moot, and petitioner's cross motion denied.