■ PRISCILLA THREATT et al., Respondents, v SETON HEALTH SYSTEM, INC., Formerly Known as LEONARD HOSPITAL, et al., Appellants. [715 NYS2d 791] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 21, 2000 in Schenectady County, which granted plaintiffs' motion to vacate an automatic dismissal and restore the case to the trial calendar.

Plaintiffs commenced this medical malpractice action on January 22, 1996, alleging that defendants' negligence in the course of performing a surgical procedure on plaintiff Priscilla Threatt caused a permanent peripheral neuropathy in her left leg. Plaintiffs filed a note of issue in October 1996, but the note of issue was stricken with the parties' consent on April 20, 1998 because both sides were not prepared to proceed to trial and because plaintiffs wished to appeal an earlier order of the court. Upon striking the note of issue, Supreme Court expressly gave plaintiffs permission to file a new note of issue "when the case is ready." Plaintiffs ultimately filed a second note of issue—just over a year later—on April 29, 1999. Defendant Seton Health System, Inc. objected, arguing that the case was automatically dismissed pursuant to CPLR 3404 because more than a year had elapsed since the original note of issue was stricken from the calendar. Thereafter, at a conference in June 1999 and again at a conference in December 1999, Supreme Court ordered plaintiffs to make a motion to restore pursuant to CPLR 3404. Plaintiffs subsequently complied and, following submissions and oral argument, Supreme Court granted the motion—over defendants' objections—and restored the matter to the active trial calendar. Defendants appeal and we now affirm.

Initially, we reject plaintiffs' contention that the matter was never automatically dismissed under CPLR 3404, which provides that "[a] case * * * struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed." It is well settled that CPLR 3404 dismissals are accomplished automatically upon the passage of one year after being stricken, by operation of law (*see,*

*Meade v Lama Agency*, 260 AD2d 979, 980-981). Moreover, CPLR 3404 is no less applicable because the note of issue was stricken on consent rather than due to a plaintiff's neglect (*see, Curtin v Grand Union Co.*, 124 AD2d 918, 919; *see also, Williams Corp. v Roma Fragrances & Cosmetics*, 166 AD2d 327, 328; *Hillegass v Duffy*, 148 AD2d 677, 680). We also reject plaintiffs' assertion that Supreme Court's statement that they were free to file another note of issue "when the case is ready" released them from their statutory obligation to restore the case to the calendar within a year. Although we do not find plaintiffs' reliance on the court's statement entirely unreasonable inasmuch as it did not specify any time limit on plaintiffs' right to file a new note of issue, we conclude that the court's statement was not intended to obviate application of CPLR 3404, an interpretation confirmed by the court's subsequent conclusion that plaintiffs must make a motion to restore.

In our view, nevertheless, restoration of the case to the calendar was a proper exercise of Supreme Court's inherent discretion. A "motion to vacate the dismissal of an action pursuant to CPLR 3404 and restore the action to the calendar is addressed to the sound discretion of the trial court" (*Krantz v Scholtz*, 201 AD2d 784, 785, *lv dismissed* 83 NY2d 902; *see also, Greco v Aetna Life Ins. Co.*, 180 AD2d 664; *O'Boye v Consolidated Edison*, 168 AD2d 219). Here, given the somewhat ambiguous nature of the court's instruction—after the original note was struck on consent—that plaintiffs would be permitted to file a new note of issue and plaintiffs' understandable reliance thereon, we cannot say that the court abused its discretion in restoring the case to the active trial calendar. Furthermore, plaintiffs made the requisite showings that their claim had merit, that there was a reasonable excuse for the short delay, that there was no intent on their part to abandon the matter, and that prejudice to defendants was lacking (*see, Matter of State of New York v Town of Clifton*, 275 AD2d 523; *see also, Buck v Reed*, 231 AD2d 821, 823; *Krantz v Scholtz, supra*, at 785). Supreme Court's order is also consistent with the strong judicial policy which favors the determination of actions on their merits (*see, Arias v Sanchez*, 227 AD2d 284, 285; *Scott v Allstate Ins. Co.*, 124 AD2d 481, 484).

Crew III, J. P., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.