█ Andrew Gray, Jr., et al., Appellants, v Jim Cuttita Agency, Inc., et al., Respondents. [722 NYS2d 289] —Carpinello, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered January 3, 2000 in Delaware County, which, *inter alia*, denied plaintiffs' motion to compel defendants to accept their bill of particulars.

Plaintiffs commenced this action in September 1994 seeking damages under two insurance policies after a fire destroyed certain personal property and a structure on their property. A note of issue was filed on January 21, 1997. After unresolved discovery issues were cited by defendants in an ensuing motion to strike the note of issue, the case was stricken from the trial calendar, on consent, by a February 14, 1997 order. Following nearly 2½ years of inactivity, plaintiffs finally served a bill of particulars on June 14, 1999. This bill was rejected by defendants on the ground that the case had been automatically dismissed on February 14, 1998 pursuant to CPLR 3404. Plaintiffs moved to compel defendants to accept the bill of particulars, contending that the case was never on the trial calendar to begin with and therefore never dismissed under CPLR 3404. Defendants opposed the motion and cross-moved for an order pursuant to CPLR 3404 dismissing the complaint.* Supreme Court denied both motions finding that the action had been automatically dismissed and that plaintiffs did not make a sufficient showing to have it restored to the trial calendar. Plaintiffs appeal.

Contrary to plaintiffs' contention, this case falls squarely within the ambit of CPLR 3404 (*see, Escobar v Deepdale Gen. Hosp.*, 172 AD2d 486; *Williams Corp. v Roma Fragrances & Cosmetics*, 166 AD2d 327; *Hillegass v Duffy*, 148 AD2d 677, 680). Where, as here, a case is actually placed on the trial calendar, (*cf., Kaplan v Elkind*, 192 AD2d 643; *Pierce v Memorial Hosp.*, 190 AD2d 929), subsequently stricken therefrom by an order of the court (*cf., Nunez v Goodman*, 186 AD2d 521) and then not restored within one year, it is deemed abandoned and dismissed pursuant to CPLR 3404 (*see, Matter of State of New York v Town of Clifton*, 275 AD2d 523, 525; *Meade v Lama*

---

* Defendants acknowledged that CPLR 3404 is self-executing and that their cross motion was simply a precautionary step.

*Agency,* 260 AD2d 979, 980-981). The fact that the note of issue may have been stricken on consent is of no moment (*see, Threatt v Seton Health Sys.,* 277 AD2d 796, 797; *Curtin v Grand Union Co.,* 124 AD2d 918).

Moreover, as noted by defendants, the dismissal is self-executing (*see, Matter of State of New York v Town of Clifton, supra; Meade v Lama Agency, supra*). While a court retains discretion to restore a dismissed case to the trial calendar upon a showing of a sufficient excuse for the delay, a lack of intent to abandon the case, a meritorious claim and the absence of prejudice to the nonmoving party (*see, Meade v Lama Agency, supra,* at 981; *Floccuzio v Galli,* 239 AD2d 819, 820, *lv dismissed* 91 NY2d 848), plaintiffs never specifically sought such relief in their motion, arguing instead that the statute simply did not apply and that defendants should be compelled to accept their bill of particulars. Further, when confronted with defendants' cross motion, they again failed in any way to address these factors (*see, Matter of State of New York v Town of Clifton, supra; Rooney v Bieber,* 177 AD2d 930; *Williams Corp. v Roma Fragrances & Cosmetics, supra*). Under these circumstances, Supreme Court properly denied plaintiffs' motion.

Mercure, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

