# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**960**

**CA 12-00325**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

SCOTT WOODWARD, PLAINTIFF-RESPONDENT,

               V                          MEMORANDUM AND ORDER

THOMAS M. CHAPMAN, ET AL., DEFENDANTS,
CAROL A. CONKLIN AND TERRY E. REED,
DEFENDANTS-APPELLANTS.

---

THOMAS P. DURKIN, ROCHESTER, FOR DEFENDANTS-APPELLANTS.

-----------------------------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered June 24, 2011 in a personal injury action.  The order denied the motion of defendants Carol A. Conklin and Terry E. Reed to dismiss the complaint for failure to prosecute.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking damages for injuries that he allegedly sustained as the result of two motor vehicle accidents.  Plaintiff alleged that, in the accident that occurred on April 7, 2004, Terry E. Reed, who was driving a vehicle owned by Carol A. Conklin with her permission (collectively, defendants), negligently operated his vehicle and collided head-on with plaintiff's vehicle, causing plaintiff to sustain a serious injury within the meaning of Insurance Law § 5102 (d).  Supreme Court did not abuse its discretion in denying defendants' motion to dismiss the complaint against them pursuant to CPLR 3216, for failure to prosecute.  Although defendants met their initial burden on the motion, in opposition thereto plaintiff established a justifiable excuse for the delay in filing the note of issue by submitting evidence that his attorney was in active discussion with the attorneys for defendants about mediation (*see Guenther v Wilson Mem. Hosp.*, 93 AD2d 957, 958, *lv denied* 60 NY2d 553, *rearg denied* 60 NY2d 861).  In addition, plaintiff submitted the deposition transcripts of plaintiff and Reed, which established that plaintiff's action against defendants has merit (*see Zabari v City of New York*, 242 AD2d 15, 17).  In any event, even assuming, arguendo, that plaintiff failed to establish a justifiable excuse for the delay and a meritorious cause of action, we note that "[a] court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even [under those circumstances]" (*Rust v Turgeon*, 295 AD2d 962, 963; *see Strathearn v Star Land & Dev. Co., LLC*, 28 AD3d 1250, 1250).  We conclude that it was appropriate for the court to exercise such discretion under the facts of this case (*see*

*Strathearn*, 28 AD3d at 1250).