*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    517315
_____

DOROTHY A. HEBERT et al.,
                    Respondents,

        v                                   MEMORANDUM AND ORDER

MUHAMMED R. CHAUDREY,
                    Appellant.
_____


Calendar Date:  May 28, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Devine, JJ.

                    _____


        Fischer, Bessett, Muldowney & Hunter, LLP, Malone (John J.
Muldowney of counsel), for appellant.

        Law Office of Darrell L. Bowen, Plattsburgh (Darrell L.
Bowen of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Demarest, J.),
entered October 9, 2012 in Franklin County, which denied
defendant's motion to dismiss the complaint.

        Plaintiffs commenced this action in 2003 seeking to recover
damages for, among other things, the intentional infliction of
emotional distress.  After joinder of issue and limited
discovery, they filed a trial note of issue in October 2009.
Supreme Court then issued an order setting a day certain for
trial and, soon thereafter, defendant moved to vacate the note of
issue based on plaintiffs' failure to comply with outstanding
discovery demands.  In January 2010, Supreme Court issued a
conditional order granting the motion.  When plaintiffs failed to
comply with the conditional order, defendant again moved for

vacatur of the note of issue in July 2010. Supreme Court granted the motion, vacated the note of issue and struck the matter from the trial calendar in a September 2010 order. When plaintiffs filed a new note of issue almost two years later in August 2012, defendant moved to dismiss the complaint pursuant to CPLR 3404. Supreme Court denied the motion and defendant appeals.

This case was seven years old when Supreme Court struck it from the trial calendar in September 2010. We must agree with defendant that, as a result, when plaintiffs failed to restore the action within one year, the case was automatically dismissed pursuant to CPLR 3404. CPLR 3404 provides that "[a] case . . . marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute" (CPLR 3404). Supreme Court's order striking the matter from the calendar places this case squarely within the plain language of the statute (see Gray v Cuttita Agency, 281 AD2d 785, 785 [2001]; Threatt v Seton Health Sys., 277 AD2d 796, 796-797 [2000]; Matter of State of New York v Town of Clifton, 275 AD2d 523, 525 [2000]). While it has been held that vacating the note of issue alone is not enough to invoke the presumption of abandonment that arises pursuant to CPLR 3404, the statute clearly applies "when a case has been struck from the calendar or gone unanswered on a clerk's calendar call" (Franjieh v Gerardi, 63 AD3d 1502, 1503 [2009]; compare Rodriguez v Big Ben Assoc. I, 95 AD3d 1098, 1099 [2012]; Lane v New York City Hous. Auth., 62 AD3d 961, 961 [2009]; Travis v Cuff, 28 AD3d 749, 750 [2006]; but see Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805, 806 [2006]). Inasmuch as plaintiffs did not restore the matter within one year, it is deemed abandoned and dismissed (see CPLR 3404; Gray v Cuttita Agency, 281 AD2d at 785).[1]

_____

[1] Plaintiff may seek to vacate the CPLR 3404 dismissal by making a motion to restore the action. Such a motion requires a showing of a meritorious cause of action, reasonable excuse for the delay, absence of prejudice to the defendant and lack of intent to abandon the action (see Gray v Cuttita Agency, 281 AD2d at 786; Threatt v Seton Health Sys., 277 AD2d at 797; Krantz v

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court

Scholtz, 201 AD2d 784, 785 [1994], lv dismissed 83 NY2d 902 [1994]).