■ JODI HAUSRATH, as Administratrix of the Estate of ANTOINETTE ADIMEY, Deceased, et al., Respondents, v PHILLIP MORRIS USA INC. et al., Defendants, and LIGGETT GROUP, INC., Now Known as BROOKE GROUP, LTD., et al., Appellants. [1 NYS3d 712]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 13, 2013. The order

granted plaintiffs' motion to restore the case to the court calendar and to schedule a preliminary conference.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Liggett Group, Inc., now known as Brooke Group, Ltd., and Liggett & Myers Tobacco Company (defendants) appeal from an order granting plaintiffs' motion to restore the case to the court calender and to schedule a preliminary conference. According to defendants, the action should have been deemed abandoned pursuant to CPLR 3404 and dismissed for neglect to prosecute. We reject that contention. As Supreme Court properly determined, CPLR 3404 does not apply because the case was never marked "off" or struck from the calendar, nor was it unanswered on a clerk's calendar call. Instead, the case was mistakenly marked "discontinued" by the clerk's office. "Thus, the case was not subject to the provisions of CPLR 3404, and [the court] properly granted the plaintiff[s'] motion and restored the action to its prior place on the calendar" (*Hernandez v City of New York*, 290 AD2d 416, 416 [2002]; *see Berde v North Shore-Long Is. Jewish Health Sys., Inc.*, 98 AD3d 932, 933 [2012]; *Baez v Kayantas*, 298 AD2d 416, 416-417 [2002]; *cf. Amsterdam Leather Bag v New York Prop. Ins. Underwriting Assn.*, 240 AD2d 272, 272 [1997]). We note that the court scheduled the matter for trial *after* the clerk mistakenly marked the action "discontinued," and there is no indication in the record that plaintiffs were aware of the clerk's error. We also note that, although plaintiffs were dilatory in seeking a new trial date after the adjournment of the initially scheduled trial due to the justice's retirement, defendants were not prejudiced by the delay and, indeed, did not move for dismissal of the action for want of prosecution pursuant to CPLR 3216 (a). Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.