■ GWENNETH TURNER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 869]—

Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 5, 2015, dismissing the complaint, pursuant to an order, same court and Justice, entered October 17, 2014, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3404 and denied plaintiffs' cross motion to deem the new note of issue properly filed, unanimously reversed, on the law, without costs, defendants' motion denied, and plaintiffs' cross motion granted.

The motion court erred in dismissing the negligence action pursuant to CPLR 3404. When the action was removed from the trial calendar, the court indicated that it should be continued as a pre-note of issue case. CPLR 3404 does not apply to cases in which no note of issue has been filed or the note of issue has been vacated (*see Tejeda v Dyal*, 83 AD3d 539, 540 [1st Dept 2011], *lv dismissed* 17 NY3d 923 [2011]). Rather, avenues for dismissal are limited to CPLR 3216 and/or 22 NYCRR 202.27 (*id.*). The latter is inapplicable to the facts of this case, and defendants failed to comply with the preconditions of the former (*id.*).

Defendants failed to preserve their argument that the note

of issue should not be reinstated because the conditions for reinstatement set forth in 22 NYCRR 202.21 (f) were not met (*see Diarrassouba v Consolidated Edison Co. of N.Y. Inc.*, 123 AD3d 525, 525 [1st Dept 2014]). In any event, plaintiffs' counsel's affirmation was sufficient to meet the requirements of that rule. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.