[64 NYS3d 815]

BEVERLY BRADLEY, Individually and as Guardian of the Person and Property of RHOEMEL LAMPKIN, Respondent, v RAMESH KONAKANCHI, D.O., Appellant, et al., Defendant.

Fourth Department, November 17, 2017

### APPEARANCES OF COUNSEL

*Connors LLP*, Buffalo (*John T. Loss* of counsel), for appellant.

*Brown Chiari, LLP*, Buffalo (*Brian R. Hogan* of counsel), for respondent.

### OPINION OF THE COURT

NeMoyer, J.

We hold that CPLR 3404 does not apply when the note of issue is vacated.

## Facts

The material facts are undisputed. Plaintiff's ward was admitted to the psychiatric unit of a hospital in the City of Niagara Falls. Shortly thereafter, he allegedly jumped off the hospital's roof and sustained serious physical injuries. Plaintiff subsequently commenced the instant medical malpractice action against, inter alia, Ramesh Konakanchi, D.O. (defendant). Discovery ensued, and plaintiff eventually filed a note of issue. Defendant moved to vacate the note of issue pursuant to 22 NYCRR 202.21 (e), arguing that discovery was incomplete. Supreme Court granted the motion, vacated the note of issue, and ordered additional discovery.

Over a year passed without the filing of a new note of issue.[1] Defendant then moved to dismiss the action against him pursuant to CPLR 3404, which provides for the administrative dismissal of inactive cases under certain circumstances. Plaintiff opposed the motion, arguing that CPLR 3404 is categorically inapplicable when the note of issue has been vacated. The court denied the motion, although it acknowledged the "conflicting decisions on the breadth of CPLR Rule 3404" and observed that "appellate clarification on the breadth of Rule 3404 would be instructive."

---

1. This is not to suggest that the case went dormant during this period. According to Supreme Court, the following occurred after the note of issue was vacated: "an additional party was added; additional discovery continued; numerous court conferences were held; [and] two parties settled with plaintiff."

Defendant appeals, and we now affirm.

## Discussion

This appeal turns entirely on the proper interpretation of CPLR 3404, which says, in full:

> "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

Defendant argues that the case was "marked 'off' " or "struck" from the calendar when the court vacated plaintiff's note of issue. Because plaintiff did not file a new note of issue (i.e., did not restore the case to the calendar) within one year, defendant reasons that the case was deemed abandoned and dismissed by operation of law pursuant to CPLR 3404. Plaintiff disagrees, arguing that CPLR 3404 is categorically inapplicable when the note of issue is vacated. In plaintiff's view, CPLR 3404 applies only when the case is "marked 'off' " or "struck" from the calendar for a reason other than the vacatur of the note of issue.

There is a Departmental split on this issue. In the First and Second Departments, it is very well established that "CPLR 3404 does not apply to cases in which . . . the note of issue has been vacated" (*Turner v City of New York*, 147 AD3d 597, 597 [1st Dept 2017]; *see Liew v Jeffrey Samel & Partners*, 149 AD3d 1059, 1061 [2d Dept 2017]; *Ortiz v Wakefern Food Corp.*, 145 AD3d 1024, 1025 [2d Dept 2016]; *Tejeda v Dyal*, 83 AD3d 539, 540 [1st Dept 2011], *lv dismissed* 17 NY3d 923 [2011]). The Second Department has explained the rationale for this rule as follows: "The vacatur of a note of issue . . . returns the case to pre-note of issue status. It does not constitute a marking 'off' or striking the case from the court's calendar within the meaning of CPLR 3404" (*Montalvo v Mumpus Restorations, Inc.*, 110 AD3d 1045, 1046 [2d Dept 2013]; *see also Lane v New York City Hous. Auth.*, 62 AD3d 961, 961 [2d Dept 2009]; *Suburban Restoration Co., Inc. v Viglotti*, 54 AD3d 750, 750-751 [2d Dept 2008]). This rule is a specific manifestation of the First and Second Departments' consistently narrow construction of CPLR 3404 (*see generally Berde v North Shore-Long Is. Jewish Health Sys., Inc.*, 98 AD3d 932, 933 [2d Dept 2012]

["Where a case is not marked off or stricken from the trial calendar, but is removed from the calendar for another reason, CPLR 3404 does not apply"]).

The Third Department, however, has effectively rejected the First and Second Departments' interpretation of CPLR 3404 (*see Hebert v Chaudrey*, 119 AD3d 1170, 1171-1172 [3d Dept 2014]). In *Hebert*, the plaintiff's note of issue was vacated on the defendant's motion, and the plaintiff did not file a new note of issue within the following year. "We must agree with defendant that, as a result, . . . the case was automatically dismissed pursuant to CPLR 3404," wrote the *Hebert* panel (*id.* at 1171). *Hebert* is the logical end point of the Third Department's oft-expressed view that, for purposes of CPLR 3404, a case is "marked 'off' " or "struck" from the calendar whenever the note of issue is vacated (*see Gray v Cuttita Agency*, 281 AD2d 785, 785-786 [3d Dept 2001]; *Threatt v Seton Health Sys.*, 277 AD2d 796, 796-797 [3d Dept 2000]; *Matter of State of New York v Town of Clifton*, 275 AD2d 523, 525 [3d Dept 2000]; *Meade v Lama Agency*, 260 AD2d 979, 980-981 [3d Dept 1999]).

We have not yet weighed in on this precise issue, but our case law is more aligned with the First and Second Departments' approach than with the Third Department's approach. In *Hausrath v Phillip Morris USA Inc.* (124 AD3d 1413, 1414 [4th Dept 2015]), we wrote that "CPLR 3404 does not apply because the case was never marked 'off' or struck from the calendar, nor was it unanswered on a clerk's calendar call." In so holding, we cited with approval to the Second Department's decision in *Berde*, a case that exemplifies the narrow construction of CPLR 3404 that prevails in the First and Second Departments.

More significantly, we have previously recognized that an order vacating the note of issue places the case in "pre-note-of-issue status" (*Meidel v Ford Motor Co.*, 117 AD2d 991, 991 [4th Dept 1986]). Our reasoning in *Meidel* essentially foretold the foundational premise of the First and Second Departments' rule—i.e., that CPLR 3404 does not apply when the note of issue has been vacated because the case is thereby returned to pre-note of issue status, as opposed to being "marked 'off' " or "struck" from the calendar. By the same token, our observation in *Meidel* is wholly inconsistent with the underlying premise of the Third Department's rule—i.e., that vacating the note of issue does *not* return the case to its pre-note of issue posture.

In accordance with the tenor and spirit of our existing case law, we now explicitly adopt the First and Second Departments'

rule, and reject the Third Department's. It is axiomatic that CPLR 3404 has no applicability in the absence of an extant and valid note of issue (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 191, 193-194, 198-199 [2d Dept 2001], *lv dismissed* 96 NY2d 937 [2001]; *accord Matter of Giangualano [Birnbaum]*, 99 AD3d 1221, 1222 [4th Dept 2012]; *Chauvin v Keniry*, 4 AD3d 700, 702 [3d Dept 2004], *lv dismissed* 2 NY3d 823 [2004]; *Johnson v Minskoff & Sons*, 287 AD2d 233, 234, 237 [1st Dept 2001]), and we agree with the Second Department that "[t]he vacatur of a note of issue . . . returns the case to pre-note of issue status [and] . . . does not constitute a marking 'off' or striking the case from the court's calendar within the meaning of CPLR 3404" (*Montalvo*, 110 AD3d at 1046). To state the obvious, a note of issue does not survive its own vacatur, and it makes no sense to apply CPLR 3404 when the statute's operative premise—i.e., the continuing vitality of the note of issue—no longer exists.

The Third Department's contrary rule—like the textually-based arguments in defendant's brief—fails to recognize the technical distinction between vacating a note of issue and marking off/striking a *properly noted* case from the calendar. Indeed, "it is precisely in such [latter] circumstances that CPLR 3404, by its express terms, applies" (*Nieman v Sears, Roebuck & Co.*, 4 AD3d 255, 256 [1st Dept 2004]). In other words, while it is of course true (as defendant insists) that a case is "place[d]" on the calendar by filing a note of issue (CPLR 3402 [a]), it does not follow—as the Third Department consistently holds—that a case is "marked 'off' " or "struck" from the calendar within the meaning of CPLR 3404 whenever the note of issue is vacated pursuant to 22 NYCRR 202.21 (e).

The late Professor Siegel emphasized the import of this technical distinction to the proper understanding and application of CPLR 3404. The statute, he explained, "assumes the case is properly on the calendar. If it isn't, as when the note of issue itself is stricken because the case is not yet ready for calendar placement, . . . the case returns to 'pre-note of issue status' " (David D. Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:1, 2017 Pocket Part at 13, quoting *Travis v Cuff*, 28 AD3d 749, 750 [2d Dept 2006]).[2] And once the case returns to " 'pre-note of issue status,' " Professor Siegel continued, "CPLR 3404 is irrelevant

---

**2.** *Travis* is one of the many cases applying the First and Second Departments' interpretation of CPLR 3404.

and CPLR 3216 becomes the applicable tool" to seek dismissal for want of prosecution (*id.*).

Contrary to defendant's contention, the First and Second Departments' rule does not render CPLR 3404 meaningless in modern civil practice. Indeed, an action is still subject to dismissal under CPLR 3404 when it is struck from the calendar but the note of issue remains intact (*see e.g. Saint Mary Byzantine Catholic Church v Kalin*, 110 AD3d 708, 708-709 [2d Dept 2013]; *Nieman*, 4 AD3d at 255-256). And finally, "it is for the Legislature, not the courts," to address defendant's claim that CPLR 3216 is an ineffective, inefficient, and unduly burdensome mechanism for purging inactive cases from the docket (*Chavez v 407 Seventh Ave. Corp.*, 10 Misc 3d 33, 39 [App Term, 2d Dept, 2d & 11th Jud Dists 2005] [Patterson, J., dissenting], *revd* 39 AD3d 454 [2d Dept 2007]).

## Conclusion

Here, it is undisputed that the note of issue was vacated. Applying the First and Second Departments' rule, it follows that the case was not "marked 'off'" or "struck" from the calendar within the meaning of CPLR 3404. CPLR 3404 thus does not apply, and the action could not be dismissed on that basis. Accordingly, the order appealed from should be affirmed.

SMITH, J.P., PERADOTTO, DEJOSEPH and CURRAN, JJ., concur.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.