■ EDWARD A. NIEMAN, Appellant, v SEARS, ROEBUCK AND Co., Respondent. [738 NYS2d 45] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 2, 2001, which, in a products liability action, denied plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3404 and to restore it to the trial calendar, unanimously affirmed, without costs.

Plaintiff's attorney asserts that the trial counsel he engaged in July 1997 did not advise him that the case was marked off the trial calendar in December 1997 for failure to produce certain expert disclosure, and that he did not learn of the resulting December 1998 CPLR 3404 dismissal until June 2000 when, in the course of merging his two offices, he retrieved the file from trial counsel. Defendant's attorney offered to stipulate to restoration upon her receipt of the expert disclosure, but was advised by trial counsel in an April 1998 letter that he had resigned from the matter and that any further communications should be with plaintiff's original attorney. There was no other correspondence between counsel and no court activity until the making of the instant motion in February 2001, which was properly denied in the absence of a reasonable explanation for this complete lack of activity for approximately three years since the case had been marked off (*see, Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128). While plaintiff's attorney asserts that he did not reacquire the file until June 2000, he does not explain trial counsel's April 1998 letter to defendant's attorney advising of trial counsel's resignation and the "return" of the "matter" to plaintiff's original attorney, does not explain his failure to make any inquiries concerning the status of the action until June 2000, and does not explain his subsequent seven-month delay in making the instant motion. That the case was marked off because of plaintiff's failure to comply with his disclosure obligations also weighs against granting relief, and we are not persuaded otherwise by plaintiff's attorney's claims of continued communication with plaintiff and his treating physician. Prejudice to defendant is demonstrated by the death of a fact witness and destruction of the file and notes by defendant's expert witness following notification to him of the dismissal. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.