■ EDWARD A. NIEMAN, Appellant, v SEARS, ROEBUCK AND Co., Respondent. [772 NYS2d 662]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 11, 2002, which denied plaintiff's renewed motion to vacate the dismissal of the action pursuant to CPLR 3404, unanimously affirmed, without costs.

We see no reason to, in effect, reconsider our affirmance of the motion court's denial of plaintiff's original motion to vacate this action's dismissal pursuant to CPLR 3404 (291 AD2d 291 [2002]). While plaintiff now argues that his case had not yet acquired post-note of issue status at the time of its dismissal and that the dismissal pursuant to CPLR 3404 was thus incorrect (*see Johnson v Minskoff & Sons*, 287 AD2d 233 [2001]), the argument should have been made, if at all, in the course of litigating the original motion. In any case, even if the argument were properly before us, we would reject it since the action did not in fact qualify for pre-note of issue treatment under *Johnson*

*v Minskoff & Sons.* A note of issue was filed in this case—and by plaintiff himself. The circumstance that the case was subsequently struck from the trial calendar by reason of plaintiff's failure to meet his pretrial disclosure obligations did not, as plaintiff now contends, restore the case to pre-note status for purposes of determining the applicability of CPLR 3404. Indeed, it is precisely in such circumstances that CPLR 3404, by its express terms, applies. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.