■ ALBERT LEVY, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Defendants. [836 NYS2d 123]—

Judgment, Supreme Court, New York County (Stanley L. Sklar, J.), entered September 7, 2005, in an action for medical malpractice, dismissing the action as against defendants-respondents, and bringing up for review an order, same court and Justice, entered July 26, 2005, which, inter alia, denied plaintiff's motion to renew a prior order, same court and Justice,

entered October 15, 1999, granting defendants' motions to dismiss the action for failure to serve a complaint and denying plaintiff's cross motion to compel defendants' acceptance of his complaint, unanimously affirmed, without costs.

The action was commenced by the filing of a summons with notice. Plaintiff's then attorney did not respond to defendants' demands for a complaint because he was unable to provide the required CPLR 3012-a certificate that he had a reasonable basis for commencing the action after consulting with a physician. Subsequently, in opposing defendants' CPLR 3012 (b) motions to dismiss the action that had been twice adjourned over four months, plaintiff was unable to provide the required affidavit of merit (*see Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904 [1985]). The motion court, acknowledging the attorney's "prodigious" but unsuccessful efforts to find an expert who would support the claim of malpractice, felt "constrained" to dismiss the action. Over five years later, plaintiff, through a new attorney, moved to renew and to compel defendants' acceptance of a complaint, submitting the statements of a physician opining that the treatment plaintiff received was below the minimal standards of care. The motion court correctly denied the motion to renew on the ground that the expert's statements, which failed to address plaintiff's declining condition prior to presenting to defendants, were speculative on the issue of causation. In addition, plaintiff failed to show a reasonable justification not only for the original failure to submit an affidavit of merit in opposition to the motion to dismiss but also for the subsequent five-year delay in moving to renew (CPLR 2221 [e] [3]). We have considered plaintiff's other arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.