■ DANNY RIVERA, Appellant, v DENNIS AYALA et al., Respondents, et al., Defendant. [944 NYS2d 123]—Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 2, 2011, which, to the extent appealable, denied plaintiff's motion to renew a prior order which denied his motion to vacate dismissal of the action pursuant to CPLR 3404 and restore the action to the trial calendar, unanimously affirmed, without costs.

Plaintiff alleges he suffered serious injury in 1998 when he was a passenger in a motor vehicle involved in a three-car accident. The matter was stayed for about two years following the death of one of the defendants, but was thereafter restored to the trial calendar in October 2006. In December 2006, the matter was marked off to permit defendants to obtain further discovery concerning a purported additional surgery to plaintiff's left knee after his deposition was taken in 2002. The matter was dismissed pursuant to CPLR 3404 on February 26, 2008, after plaintiff's counsel, having failed to have the matter restored for more than a year, failed to appear at a status conference scheduled by the court. Plaintiff's motion to vacate the dismissal was denied by order dated July 2, 2008, due to his failure to proffer competent medical evidence of serious injury. Plaintiff did not perfect his appeal from that order, which was dismissed

as abandoned in October 2010, but moved to renew by order to show cause brought September 25, 2010.

Plaintiff's arguments that the matter was improperly dismissed pursuant to CPLR 3404, since the note of issue had been stricken, and that he was not required to present competent medical evidence in support of his motion to vacate the dismissal, could have been raised on the prior appeal. The dismissal of the prior appeal precludes consideration of those arguments on this appeal (*see Pier 59 Studios, L.P. v Chelsea Piers, L.P.*, 40 AD3d 363 [2007]; *Nieman v Sears, Roebuck & Co.*, 4 AD3d 255, 256 [2004]). To the extent plaintiff's motion to renew raises distinct issues, it was properly denied since plaintiff's counsel failed to provide a reasonable justification for not providing the "new" medical evidence in support of the motion to vacate the dismissal order, or for the more than two-year delay in moving to renew that motion (*see Levy v New York City Health & Hosps. Corp.*, 40 AD3d 359 [2007], *lv dismissed* 9 NY3d 1001 [2007]; *see also Vargas v Ahmed*, 41 AD3d 328, 328-329 [2007]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.