Matter of Duval v Centerlight Health Sys., Inc (2023 NY Slip Op 02740)

Matter of Duval v Centerlight Health Sys., Inc

2023 NY Slip Op 02740

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 24578/15E Appeal No. 287 Case No. 2022-05714 

[*1]In the Matter of Geraldine Duval etc., Plaintiff-Appellant,
v
Centerlight Health System, Inc, et al., Defendants-Respondents.

Rosenbaum & Rosenbaum, P.C., New York (Matthew T. Gammons of counsel), for appellant.
Sheeley LLP, New York (Jon D. Lichtenstein of counsel), for Centerlight Health System, Inc., and Center for Nursing and Rehabilitation Adult Healthcare Program, respondents.
Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for Keser Nursing and Rehabilitation Center, Inc., and Bedford Center for Nursing and Rehabilitation, respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 31, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew defendants' prior motions to dismiss the complaint pursuant to CPLR 1021, or to vacate an order, same court and Justice, entered April 3, 2018, dismissing the complaint as against all defendants, without prejudice, and a judgment, same court and Justice, entered June 18, 2018, dismissing the complaint as against defendants Keser Nursing and Rehabilitation Center, Inc., and Bedford Center for Nursing and Rehabilitation (collectively, Keser), and to substitute Geraldine Duval, in her capacity as executrix of the Estate of Geralde Duval, as plaintiff, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying that branch of plaintiff's motion which was for leave to renew (see generally S.V.L. v PBM, LLC, 191 AD3d 564, 565 [1st Dept 2021]). Plaintiff offered neither new facts that were unavailable to her at the time that defendants' motions to dismiss were granted or decided three years earlier, nor a reasonable justification for failing to present those facts in connection with those prior motions (CPLR 2221[e][2]-[3]; see Singh v QLR Five LLC, 171 AD3d 614 [1st Dept 2019]; Levy v New York City Health & Hosps. Corp., 40 AD3d 359, 360 [1st Dept 2007], lv dismissed 9 NY3d 1001 [2007]).
Plaintiff also was not entitled to vacatur of the court's prior order and judgment on the ground of excusable default (CPLR 5015[a][1]), since they were not entered on her default. Rather, her counsel appeared in court on the return date, participated in the argument and discussion thereof, and submitted papers in connection therewith, and nothing in the court's order or judgment indicate that the motions were granted on plaintiff's default (see Vaca v Village View Hous. Corp., 170 AD3d 619, 620 [1st Dept 2019]). In any event, plaintiff did not move within the statutorily prescribed one-year time limit and failed to present "a valid excuse for [her] failure to do so . . ." (Carter v Daimler Trust, 177 AD3d 541, 541 [1st Dept 2019]). As we noted in a prior, related appeal, plaintiff charted her own course in this matter, with the resulting consequences (see Duval v Centerlight Health Sys., Inc., 189 AD3d 576, 577 [1st Dept 2020]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023